the risk'" of crossing the line, as "[o]nly a reasonable degree of certainty is necessary." *Sun and Sand Imports*, 725 F.2d at 188 (quoting *Boyce Motor Lines*, 342 U.S. at 340)(footnote omitted).

The limit of two grains of pyrotechnic powder in 16 C.F.R. § 1500.17(a)(3) applicable to all fireworks devices producing an audible effect provides reasonable and fair notice of what defendants may not distribute to consumers.

## CONCLUSION

The district court did not err in issuing a permanent injunction ordering defendants to destroy or re-export all fireworks devices deemed hazardous substances under 16 C.F.R. § 1500.17(a)(3), and this regulation is constitutionally valid.

**AFFIRMED**.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0145P (6th Cir.)
File Name:  01a0145p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

    *v.*

MIDWEST FIREWORKS MFG.
CO., INC.; FIREWORKS OF
AMERICA LTD. CORP.;
PACIFIC FIN. SERVS. OF
AMERICA, INC.; LARRY
LOMAZ; DAVID BOWMAN,
  *Defendants-Appellants.*

Nos. 99-4445;
00-3147

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 99-02240—James S. Gwin, District Judge.

Argued:  March 6, 2001

Decided and Filed:  May 3, 2001

Before:  KEITH, SILER, and CLAY, Circuit Judges.

———————————

## COUNSEL

**ARGUED:** Daniel T. Kobil, CAPITAL UNIVERSITY LAW SCHOOL, Columbus, Ohio, for Appellants.     James O. Hearty, UNITED STATES DEPARTMENT OF JUSTICE, CONSUMER LITIGATION SECTION, Washington, D.C., for Appellee.  **ON BRIEF:**  Daniel T. Kobil, CAPITAL UNIVERSITY LAW SCHOOL, Columbus, Ohio, for Appellants.  James O. Hearty, David A. Cutini, UNITED STATES DEPARTMENT OF JUSTICE, CONSUMER LITIGATION SECTION, Washington, D.C., for Appellee.

———————————

## OPINION

———————————

SILER, Circuit Judge.  This action arises out of defendants' sale of certain fireworks the Consumer Products Safety Commission ("CPSC") determined to be hazardous under the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1191 *et seq.* (2000), and the regulations promulgated thereunder.  Defendants challenge the permanent injunction issued by the district court prohibiting them from selling over seventy-nine types of fireworks and the constitutionality of 16 C.F.R. § 1500.17(a)(3) (2001).  We affirm.

## BACKGROUND

Four years prior to the initiation of this action, the CPSC, in conjunction with the United States Customs Service, began testing various fireworks sold by defendants due to a concern that defendants were importing and distributing hazardous products which failed to comply with federal law.  Based on the laboratory tests performed, the CPSC determined that over seventy fireworks devices being imported and/or sold by defendants violated FHSA and CPSC regulations.  Most of these violations involved devices containing pyrotechnic

A "deferential standard of review [is] applied in substantive due process challenges to economic legislation" which means that "there is no need for mathematical precision in the fit between justification and means." *Concrete Pipe & Prod. of California, Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 639 (1993).  In *United States v. Sun and Sand Imports, Ltd., Inc.*, 725 F.2d 184 (2d Cir. 1984), a case similar to the one *sub judice*, the Second Circuit upheld a CPSC economic regulation against a challenge for vagueness.  Sun and Sand Imports manufactured and distributed children's garments, some of which the CPSC classified as sleepwear which failed to comply with the Flammable Fabrics Act ("FFA"), 15 U.S.C. §§ 1191-1204 (1982).  The corporation, admitting that the garments were made of flammable fabric, argued that the FFA failed to give an adequate definition of children's sleepwear.  *See id.* at 186.  As in *Sun and Sand Imports*, the CPSC in this court's case issued letters of advice in order to assist the manufacturer with the applicability of the federal regulations to its products.

Quoting *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 342 (1952), the Second Circuit held that there are "'few words [which] possess the precisions of mathematical symbols, [and] most statutes must deal with untold and unforeseen variations in factual situations....'" *Sun and Sand Imports*, 725 F.2d at 187 (quoting *Boyce Motor Lines, Inc.*, 342 U.S. at 340).  Thus, statutes and regulations will not become "impermissibly vague simply because it may be difficult to determine whether marginal cases fall within their scope." *Id.*  The "degree of vagueness that the Constitution tolerates 'depends in part on the nature of the enactment.'" *Kentucky Div., Horsemen's Benevolent & Protective Ass'n, Inc. v. Turfway Park Racing Ass'n, Inc.*, 20 F.3d 1406, 1413 (6th Cir. 1994)(quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982)).  Therefore, economic legislation is "'subject to a less strict vagueness test....'" *Id.* (quoting *Village of Hoffman Estates*, 455 U.S. at 498).  When a manufacturer "'deliberately goes perilously close to an area of proscribed conduct [it] shall take

were allegedly applied by the CPSC in an unusually haphazard manner unrelated to any legitimate government interest. The defendants further argue the regulation is irrational and fails to provide any meaningful notice to persons selling fireworks as to what is a "banned hazardous substance." This vagueness, according to the defendants, creates uncertainty in determining whether a firework device is susceptible to the pyrotechnic powder limits of § 1500.17(a)(3).

Because 16 C.F.R. § 1500.17(a)(3) does not define the term "audible effect," the CPSC determines the application of the regulations in the following manner. Upon firing, if the device made a very sharp, loud breaking noise, as opposed to a softer "pop," it was determined to have a substantial audible effect. The pyrotechnic powder in the firework device was then subject to federal regulation. It is not what kind of sound a device creates, but its volume that determines whether § 1500.17(a)(3) is triggered. Anytime there was a "close call" the technicians would not record the weight of the pyrotechnic material.

In addition to fireworks devices solely intended to produce an audible effect, devices such as aerial fireworks creating a visual effect as well as a loud, sharp breaking noise are subject to federal regulation. To interpret the regulation any other way would have the effect of allowing manufacturers to overload fireworks devices which are not intend to *solely* produce an audible effect, but that in fact do produce an audible effect.

Because defendants allege a due process violation, this is not a First Amendment problem. Therefore, defendants must show that the regulation is "unconstitutionally vague as applied to the specific facts of the case, not whether it is unconstitutional on its face." *United States v. Hill*, 167 F.3d 1055, 1063 (6th Cir. 1999). The law is required to provide defendants with "reasonable and fair notice" that the fireworks they were selling violated § 1500.17(a)(3). *Id.*

powder in excess of the amount permitted under 16 C.F.R. § 1500.17. Pyrotechnic powder in a firework creates a "report charge" or "audible effect" when ignited. This regulation limits "fireworks devices" that are "intended to produce audible effects" to a charge of "2 grains of pyrotechnic composition" or less. 16 C.F.R. § 1500.17(a)(3). Two grains of this powder must weigh no more than 130 milligrams. *See* 27 C.F.R. § 55.11 (2001).

The CPSC sent "letters of advice" on these devices, outlining the violations and describing the procedures to be followed if defendants disagreed with the CPSC's findings. When the defendants refused to comply with these "letters of advice," the CPSC sought a temporary restraining order ("TRO") banning the defendants from selling seventy-nine different types of fireworks. Two hearings were held by the district court in 1999, whereby the CPSC introduced numerous exhibits demonstrating that defendants possessed banned hazardous substances. From the bench, the district court issued a permanent injunction prohibiting defendants from selling these hazardous fireworks. An amended order followed on January 28, 2000 as the previous permanent injunction and judgment did not fully reflect the district court's bench rulings.

### STANDARDS OF REVIEW

This court reviews all evidentiary issues under the abuse of discretion standard. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997). The district court's factual findings issued in a permanent injunction are reviewed under the clearly erroneous standard. *See S. Cent. Power Co. v. Int'l Bhd. of Elec. Workers,* 186 F.3d 733, 737 (6th Cir. 1999).

### DISCUSSION

#### *The CPSC's Exhibits*

Over somewhat general objections by the defendants, the district court admitted the CPSC's Exhibits 1-90, 105-115

under Fed. R. Evid. 803(6), the business records exception, and Fed. R. Evid. 803(8), the public records exception, during the injunction hearings. Each exhibit contained the following records: (1) a sample collection report which includes reports prepared by the CPSC investigator collecting the fireworks sample; (2) a laboratory test report which includes reports of laboratory test results prepared by CPSC technicians and reviewed by the director of the laboratory; (3) a compliance assessment worksheet prepared by the responsible CPSC compliance officer determining if the device violates the regulations based on the laboratory test reports; and (4) a letter of advice from the CPSC to defendants notifying them of their violative product and requesting a written response including a plan for corrective action.

Without deciding whether these exhibits were admissible under the business records exception, the court finds that the exhibits were public records admissible under Fed. R. Evid. 803(8) because the exhibits were compiled by a public agency and included "factual findings resulting from an investigation made pursuant to authority granted by law...." Fed. R. Evid. 803(8)(C). Defendants challenge the trustworthiness of the methodology of these exhibits. However, as this argument was never asserted below, it is therefore waived on appeal. *See Brown v. Crowe*, 963 F.2d 895, 897 (6th Cir. 1992).

"Opinions, conclusions, and evaluations, as well as facts, fall within the Rule 803(8)(C) exception[,]" and enjoy a presumption of admissibility. *Bank of Lexington & Trust Co. v. Vining-Sparks Sec., Inc.*, 959 F.2d 606, 616 (6th Cir. 1992). This presumption is further bolstered by testimony that the CPSC technicians compiling the exhibits annually perform 4,000 to 5,000 pyrotechnic overload tests. Only four of defendants' 101 devices studied by the CPSC appear to have been tested in an atypical manner. Even if the CPSC's conclusions on these four devices were erroneous, the reports involving the ninety-seven other devices indicate that defendants' fireworks violate federal regulations.

The CPSC regularly prepares reports of violative fireworks irrespective of whether enforcement of those determinations results in litigation. Fed. R. Evid. 803(8) was designed to permit the admission of these types of exhibits into evidence even if the person with knowledge of the underlying facts is not present. *See, e.g., Ellis v. Int'l Playtex, Inc.* 745 F.2d 292, 302 (4th Cir. 1984)(finding that the unavailability of the investigators is not reason alone to exclude their studies). Admitting the records under the 803(8) exception is a practical necessity that must be afforded to government officers "who have made in the course of their duties thousands of similar written hearsay statements concerning events coming within their jurisdictions." *Wong Wing Foo v. McGrath*, 196 F.2d 120, 123 (9th Cir. 1952); Fed. R. Evid. 803(8) advisory committee's note.

Hence, the district court did not abuse its discretion in admitting Exhibits 1-90, 105-115 as they were admissible under the public records exception of Fed. R. Evid. 803(8).

### The Permanent Injunction

Defendants argue that the district court did not have enough evidence that their devices violated federal regulations when it issued a permanent injunction. This challenge to the district court's factual conclusions hinges upon the exclusion of the CPSC's Exhibits. In light of the admissibility of Exhibits 1-90 and 105-115, defendants' argument lacks merit.

Under the clearly erroneous standard, the district court did not err in factually concluding that the defendants were distributing banned hazardous substances. The CPSC's Exhibits indicate that at least ninety-seven of defendants' 101 tested devices violated some part of the governing federal regulations.

### Alleged Due Process Violations

Defendants contend that 16 C.F.R. § 1500.17(a)(3) violates their substantive due process rights because the regulations