**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0024n.06
Filed: January 9, 2008

**06-4071**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| LARRY LOMAZ, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  DAUGHTREY, GILMAN, and COOK, Circuit Judges.

PER CURIAM.  The defendant, Larry Lomaz, appeals the judgment of the district court finding him guilty of criminal contempt, sentencing him to 30 days' incarceration, and fining him $5,000.  Lomaz contends that he is entitled to a new sentencing hearing (1) because his Sixth Amendment right to counsel was violated when he was left without representation during what he alleges was a critical stage of the proceedings and (2) because the district court considered improper evidence in determining his sentence.  We find no reversible error in connection with these two claims and, therefore, affirm the judgment of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

The events giving rise to this appeal originated in 1999, when the government sued defendant Lomaz, who was in the business of distributing fireworks, for unlawful dealing in devices that were banned or misbranded. The government charged the defendant with selling and transporting contraband fireworks in interstate commerce in violation of the Federal Hazardous Substances Act, 15 U.S.C. §§ 1263(a) and (c) (the Act). In January 2000, the district court entered a permanent injunction against Lomaz, enjoining him from dealing in banned and misbranded fireworks. We affirmed the judgment on appeal. *See United States v. Midwest Fireworks Mfg. Co.*, 248 F.3d 563, 565 (6th Cir. 2001).

In May 2003, based on the government's petition for a finding of contempt containing allegations that Lomaz was in violation of the 2000 injunction, the parties entered into a consent decree that set out a specific plan for Lomaz's compliance with the district court's orders. Within a few months, however, the government charged that Lomaz was violating the consent decree and again filed a petition seeking an order to show cause why Lomaz should not be held in contempt. The magistrate judge heard evidence on October 9, 2003, and December 1, 2003. Prior to the October 9, 2003 hearing, Lomaz's counsel had withdrawn, and Lomaz appeared *pro se*, representing himself in both the October and the December hearings. He testified on his own behalf and cross-examined witnesses. The government withdrew the petition when Lomaz agreed to modify the consent decree to include further conditions.

Within a year or so, however, the government again alleged that Lomaz had violated the consent decree by receiving and distributing fireworks in violation of the Act. In March 2003, the government requested another order to show cause why Lomaz should not be found in contempt, resulting in a week-long hearing in August 2005 before the magistrate judge, at which the defendant was represented by an attorney, Alexander Jurczenko. At the conclusion of the hearing, the magistrate judge requested proposed findings of fact and conclusions of law from both parties. Within a week after the hearing concluded, however, Jurczenko was suspended from the practice of law in the state courts of Ohio. Despite the fact that he continued to represent Lomaz temporarily in this federal court action and was granted a two-week extension in which to file proposed findings of fact and conclusions of law, nothing further was filed by Jurczenko on his client's behalf. Jurczenko was ultimately suspended from practice in federal court, including representation in this case, on December 27, 2005, a month after the report and recommendation was filed by the magistrate judge on November 28, 2005.

In his report, the magistrate judge recommended that Lomaz be fined $500 and sentenced to one day of incarceration. Objections were to be filed within ten days. The government timely filed an objection; Lomaz did not. Citing the defendant's "flagrant and willful violations" of the district court's orders, the government insisted that "the punishment should be far more severe" than the nominal penalty recommended by the magistrate judge. The government urged that, instead, the defendant be fined $65,000 and incarcerated for six months.

On January 4, 2006, the government filed a notice in federal court, advising the court that Lomaz had dismissed Jurczenko as his attorney and had requested from the government a copy of its objections to the magistrate judge's report and recommendation. After receiving a copy of the government's objections, Lomaz filed a response on his own behalf, asking the district court for leave to proceed *pro se* because his attorney had been suspended from practice in Ohio and urging the district court to accept the findings of the magistrate judge in the report and recommendation.

On June 8, 2006, the district judge issued an order and opinion adopting most of the findings in the magistrate judge's report but declining to follow the magistrate judge's sentencing recommendation. Instead, the judge fined Lomaz $5,000 and sentenced him to 30 days' incarceration. After the defendant's motion for reconsideration of the sentence was denied, he filed this appeal.

## DISCUSSION

As an initial matter, we note that the defendant did not raise his Sixth Amendment claim in the district court, instead contending merely that the district court abused its discretion in assessing a fine and sentence in excess of the magistrate judge's recommendation. We therefore review the claim on appeal for plain error only. *See United States v. Mahon*, 444 F.3d 530, 532 (6th Cir. 2006). In this case, we find none.

Although the defendant now claims that he was deprived of the right to counsel by the district court, the record indicates that by invoking his constitutional right to represent himself, Lomaz actually waived his right to counsel. *See King v. Bobby*, 433 F.3d 483, 490 (6th Cir. 2006) (recognizing "the intersection of two rights: the Sixth Amendment rights to self-representation and to an attorney" and holding that "[w]hen a defendant invokes one, he necessarily waives the other"). Normally, our next step would be to determine whether the defendant's waiver in this case was voluntary and knowing, and therefore valid, *see id.*, or whether, as he now insists, he was forced into self-representation against his will because of counsel's suspension from practice. In this case, however, that step in the analysis is unnecessary, because we conclude that the period during which the defendant went unrepresented was not a critical stage of the proceedings. Indeed, the only event that post-dated the suspension of counsel was the actual filing of the district court's order adopting the magistrate judge's findings and imposing the sentence, which was the only phase of the proceedings then left uncompleted.

The defendant, now represented by counsel on appeal, claims that the district court's failure to make a *sua sponte* inquiry regarding the defendant's *pro se* status or to test the validity of his waiver of counsel constituted a violation of the right to counsel. In support, he cites *United States v. McDowell*, 814 F.2d 245 (6th Cir. 1987). In that case, however, we declined to adopt a *per se* rule requiring automatic reversal in the absence of a "deliberate and searching inquiry." *Id.* at 248. Instead, we adopted a "nonformalistic approach to determining sufficiency of the waiver from the record as a whole." Moreover,

the law in this circuit requires a district court to determine whether *pro se* representation is knowing and voluntary only if the defendant is representing himself at a critical stage of the proceedings. *See United States v. Tisdale*, 952 F.2d 934, 939 (6th Cir. 1992) (citing *Kirby v. Illinois*, 406 U.S. 682, 690 (1972)). A stage is not critical if there is only "minimal risk" that counsel's absence might impair defendant's "right to a fair trial." *United States v. Wade*, 388 U.S. 218, 228 (1967).

On appeal, the defendant complains specifically about Jurczenco's failure to file proposed findings of fact and conclusions of law prior to the magistrate judge's decision. Without regard to whether the filing of proposed findings of fact and conclusions of law in a criminal contempt proceeding represents a critical stage, it is clear from this record that counsel's failure to file cannot be said to have violated his client's right to counsel, as a matter of plain error, because there is no allegation on appeal that the magistrate judge's findings of fact and conclusions of law were incorrect in any respect. Likewise, the current complaint concerning the defendant's inability to file objections to the magistrate judge's report and recommendation – due to his lack of representation during the 10-day period following its release – cannot be considered "critical" in this particular case, because it does not appear from the record that there were objections that should have been made at the time. Indeed, the defendant embraced the magistrate judge's sentencing recommendation, which, as it turned out, was clearly favorable to him.

The only other "critical stage" argument raised on appeal concerns the district court's decision to impose a sentence that was "a significant increase" above the sentence recommended by the magistrate judge. But, as the defendant concedes on appeal, that phase of the litigation was only a "critical 'paper' stage," given the fact that no further litigation was possible at that point in the proceedings. There was, plainly, nothing to be done but await the decision of the district court. That "waiting period" can hardly be said to constitute a critical stage of the proceedings – not only was there no "minimal risk" that the defendant's right to a fair trial might be impaired by the lack of counsel during that period, there was no risk whatever. The sentence that was ultimately imposed, of course, was an exercise of the district court's discretion to fashion an appropriate punishment in a criminal contempt action. It is reviewed on appeal for reasonableness, after defense counsel has had the opportunity to present a challenge to its propriety.

This reasonableness review includes an examination of "the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *United States v. Johnson*, 467 F.3d 559, 563 (6th Cir. 2006). The district court is to be guided by factors in 18 U.S.C. § 3553(a) and must establish in the sentencing record that it considered the § 3553(a) factors. *See United States v. Watford*, 468 F.3d 891, 916 (6th Cir. 2006).

Lomaz first alleges that the sentence he received is unreasonable because the district court abused its discretion in considering outside information, based on

observations in the court's opinion that "[i]n recent years, fireworks have caused many severe injuries and significant fire damage to homes and other structures," accompanied by statistics gleaned from various sources set out in the opinion. In his *pro se* motion for reconsideration, the defendant maintained, as he does on appeal, that those statistics were "flawed and biased" and that there was no evidence that anyone had ever been injured by any fireworks that he had sold, a claim that had been aired during the evidentiary hearing in his case. There was no explanation then – and there is none on appeal – concerning what made the statistics mentioned in the court's opinion flawed or biased, and we are thus left with nothing more than the defendant's bald assertion to that effect. Moreover, contrary to the current claim that the district court did not cover the § 3553(a) factors in assessing the sentence, the statistics in question and related information were obviously part of the court's consideration of "the need . . . to protect the public" and to fashion a penalty that would "reflect the seriousness of the offense" in terms of its potential threat, as required by § 3553(a) and explicitly set out as such in the court's opinion. We conclude that the sentence imposed by the district court was reasonable.

**CONCLUSION**

For the reasons set out above, we AFFIRM the judgment of the district court.