RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0376P (6th Cir.)
File Name: 01a0376p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————

SHAWN MANNING,
       *Petitioner-Appellant,*

v.

STEPHEN HUFFMAN, Warden,
       *Respondent-Appellee.*

No. 99-3490

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 98-00150—Algenon L. Marbley, District Judge.

Argued: December 6, 2000

Decided and Filed: October 19, 2001

Before: MARTIN, Chief Judge; JONES and COLE,
Circuit Judges.

————————

**COUNSEL**

**ARGUED:** Susan B. Gellman, WOLMAN, GENSHAFT &
GELLMAN, Columbus, Ohio, for Appellant. M. Scott Criss,
OFFICE OF THE ATTORNEY GENERAL,
CORRECTIONS LITIGATION SECTION, Columbus, Ohio,
for Appellee. **ON BRIEF:** Susan B. Gellman, Benson A.
Wolman, WOLMAN, GENSHAFT & GELLMAN,
Columbus, Ohio, for Appellant. M. Scott Criss, OFFICE OF

1

THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellee.

———————————

**OPINION**

———————————

NATHANIEL R. JONES, Circuit Judge.  In 1995, Shawn Manning was convicted of aggravated robbery, with a firearm specification, and of receiving stolen property in the Court of Common Pleas for Delaware County, Ohio.    After unsuccessfully appealing his case in the Ohio courts, Manning filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Ohio.  The district court initially denied the writ, but later granted Manning a certificate of appealability.  For the reasons that follow, we **REVERSE** the district court's denial of Manning's petition for a writ of habeas corpus and **REMAND** this case for disposition consistent with this opinion.

## I.  Facts

Appellant Shawn Manning was charged with aggravated robbery with a firearm specification, and of receiving stolen property.  Just before closing arguments the trial court judge stated that he had decided to "try something unique in trial." The court indicated that it intended to allow two alternate jurors to participate in jury deliberations.  These alternates would replace regular jurors in the event that any of the regular jurors had to be excused before the jury reached a verdict.

Although the prosecutor warned the court that there was no legal authority to support this experiment, he said that he would consent to the arrangement if the defendant personally agreed to it.  The trial record reflects that Manning's lawyer agreed to the participation of the alternate jurors and stated that Manning also agreed.  However, there is no indication

that "if the [evidentiary hearing] revealed that the alternate had participated in the jury's deliberations or that in some other way the alternate's presence might have affected the jury's verdict, then reversal is required." 669 F.2d at 1391. Similarly, in *Allison*, the Fifth Circuit observed that, "sufficient prejudice and effect on the jury's verdict would be shown and, therefore, a new trial required if the alternate disobeyed the court's instructions and in any way participated in the jury deliberations." 481 F.2d at 472. Accordingly, we hold that Manning's evidence that an alternate juror participated in jury deliberations is sufficient to demonstrate prejudice.[3]

### IV. Conclusion

For the reasons stated above, we **REVERSE** the district court's decision denying a writ of habeas corpus and **REMAND** to that court for further proceedings consistent with this court's opinion.

---

[3]The government also argues that even if *Olano* created a presumption of prejudice, the *Olano* prejudice analysis does not apply to this case, because habeas cases require a different type of prejudice analysis. This argument is without merit. In *Brecht v. Abrahamson,* the Supreme Court held that habeas petitioners are not entitled to relief based on "harmless error." 507 U.S. 619, 638, 113 S.Ct. 1710, 1722 (1993). *See* FED. R. CRIM. P. 52 ( "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." ). The Court noted that one of the virtues of applying the harmless error analysis in habeas cases was that federal courts could turn to an existing body of case law to apply this standard. *Brecht,* 507 U.S. at 638. This harmless error analysis is the same analysis that the Supreme Court applied in *Olano.* 507 U.S. at 738.

that Manning was apprised of his rights or that he personally consented to the arrangement.

The court proceeded with its plan. Instead of dismissing the alternate jurors as required by Ohio Rule of Criminal Procedure 24(F), the court told the alternate jurors to retire with the jury and specifically directed them to "take part in the discussions and deliberations." Although neither of the alternate jurors replaced a regular juror, it is undisputed that one of the alternate jurors actively participated in the deliberations.

Upon conviction, Manning filed his direct appeal with the Ohio Court of Appeals for the Fifth Appellate District. That court found that Manning had waived his claim on the issue of alternate juror participation when he failed to object to the unusual arrangement at trial. This prompted an appeal to the Ohio Supreme Court, which declined to take jurisdiction. Manning's appellate lawyer did not raise a claim for ineffective assistance of trial counsel before the appellate court or in the Memorandum in Support of Jurisdiction that he submitted to the Supreme Court.

Following the Ohio Supreme Court's refusal to take jurisdiction, the Ohio Court of Appeals reopened Manning's case to address the issue of ineffective assistance of *appellate* counsel. It was argued that his appellate counsel was ineffective because he failed to raise the claim that Manning's trial counsel rendered ineffective assistance by failing to object to the participation of alternate jurors at trial. The court of appeals found that Manning could not prevail on an ineffective assistance of appellate counsel because he could not show that this failure had prejudiced his case. The court stated that "[t]he record does not establish any prejudice which injured the appellant. It is impossible to determine if any juror or alternate juror violated the court's orders or if there was any participation by the alternate jurors."

In response, Manning petitioned the Ohio Supreme Court. In a Memorandum in Support of Jurisdiction, Manning contested the appellate court's holding that he had not

established prejudice necessary to prevail on his ineffective assistance of counsel claim. He pointed out that contrary to the appellate court's finding, the alternate jurors in his case did participate in the jury deliberations. He argued that his trial counsel's acquiescence to the participation of alternate jurors in jury deliberations prejudiced his case because the participation of alternate jurors is a structural defect that constitutes prejudice per se. Once again the Ohio Supreme Court declined to take jurisdiction. It stated that "[u]pon consideration of the jurisdictional memoranda filed in this case, the Court dismisses the appeal as not involving any substantial constitutional question."

Manning filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Ohio. In his petition, Manning asserted that his trial lawyer's failure to object to the trial court's decision to allow alternate jurors to participate in jury deliberations was a violation of his right to effective assistance of counsel. In response, the state argued that Manning procedurally defaulted his claim for ineffective assistance of trial counsel when he failed to raise it on direct appeal. Alternatively, the state argued that Manning could not demonstrate the prejudice necessary to prevail on his claim.

Addressing these arguments, the district court noted that the question of whether a state procedural default precluded Manning from obtaining federal habeas review is governed by the four-part analysis outlined in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The court explained:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must determine whether the state courts actually enforced the state sanction. Third, it must be decided whether the state forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. Finally if the court has determined that a state procedural

447-48 (S.D. 1998); *People v. Babbington*, 676 N.E.2d 1326, 1333-1334 (Ill. App. Ct. 1997).[2]

Despite these precedents, the government argues that the Supreme Court did not intend to create an automatic presumption of prejudice any time alternate jurors participate in deliberations. It contends that such an interpretation would be at odds with language in the *Olano* opinion which indicates that the "ultimate inquiry" is whether the intrusions "affect the jury's deliberations and thereby its verdict." *See Olano*, 507 U.S. at 739. We disagree.

The Supreme Court's statement that the "ultimate inquiry" is whether the alternate juror affected the jury deliberations and the verdict does not necessarily imply that the defendant must show specific prejudice to prevail. To the contrary, the *Olano* court made it quite clear that in some situations a presumption of prejudice is appropriate. *Id.* (citing *Turner v. Louisiana*, 379 U.S. 466, 85 S.Ct. 546 (1965)). In fact, both of the cases that the Court cited in explaining how the presence of alternate jurors might prejudice the defendant, *United States v. Watson,* 669 F.2d 1374 (11th Cir. 1982), and *United States v. Allison*, 481 F.2d 468 (5th Cir. 1973), held that the participation of alternate jurors is sufficient to establish prejudice. In *Watson*, the Eleventh Circuit stated

---

[2]These court's have pointed out that this interpretation is bolstered by the fact that strict evidentiary prohibitions against inquiring into the mental processes of the jury would make it almost impossible for a defendant to show that an alternate juror in fact prejudiced his case. As the 11th Circuit explained in *Acevedo*, "Rule 606(b) prevents any inquiry of the twelve regular jurors regarding 'any matter or statement' made by a juror as well as the jurors' 'mental processes.' With these constraints, it is impossible for any court to determine the extent of the alternates' influence on the regular jurors once a final verdict has been rendered." 141 F.3d at 1426 n.9. *See also Ottersburg*, 76 F.3d at 140 & n. 3. Federal Rule of Evidence 606(b) and the identical Ohio provision state that "a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith." FED. R. EVID. 606(b); OHIO R. EVID. 606(B).

Procedure.[1]    The Court held that the resolution of this issue turned on whether the trial court's error prejudiced the defendants. It found that the mere presence of alternate jurors was not sufficient to demonstrate prejudice. *Id*. at 739-41.

However, in arriving at this conclusion, the Supreme Court noted that in some cases the presence of alternate jurors might prejudice the defendant. It stated:

> In theory, the presence of alternate jurors might prejudice a defendant in two different ways: either because alternates actually participated in the deliberations, verbally or through body language; or because the alternates presence exerted a "chilling" effect on the regular jurors. *See Watson*, supra, at 1391; *United States v. Allison*, 481 F.2d 468, 472 (CA5 1973).

*Id*. at 739.

Seizing on this language, several state and federal courts have held that the defendant may establish prejudice simply by showing that alternates actually participated in jury deliberations. For example, in *United States v. Ottersburg*, the Seventh Circuit held that *Olano* "indicates that the substantive participation of alternates, once established, is sufficient to establish prejudice." 76 F.3d 137, 140 (7th Cir. 1996). Similarly, in *United States v. Acevedo*, the Eleventh Circuit observed that the *Olano* decision "implied that once the alternate participates in any way--whether through words or gestures--prejudice is manifest." 141 F.3d 1421, 1424 (11th Cir. 1998); *see also State v. Nelson*, 587 N.W.2d 439,

---

[1]Rule 52(b) states "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." FED. R. CRIM. P. 52(b).

rule was violated and that the rule was an "adequate and independent" state ground, then the petitioner must demonstrate, under *Sykes*, that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

(citing *Maupin*, 785 F.2d at 138).

Applying *Maupin*, the district court held that Manning had procedurally defaulted his ineffective assistance of trial counsel claim under Ohio law. The court then turned to the question of whether Manning had demonstrated "cause and prejudice." Without addressing cause, the court proceeded directly to the issue of prejudice. It found that although Manning had shown that the alternate juror had participated in the jury deliberations, this showing was not sufficient to demonstrate prejudice. Accordingly, the district court denied Manning's petition for a writ of habeas corpus.

Shortly thereafter, Manning acquired new counsel and applied for a certificate of appealability. On November 22, 1999, the district court issued Manning a certificate of appealability to appeal the issue of

> Whether there is prejudice *per se* where alternate jurors were not dismissed before the case was submitted to the jury, but instead were permitted to remain in the jury room and instructed to participate in the deliberations.

We review *de novo* the District Court's disposition of Manning's petition for writ of habeas corpus. The district court's factual findings are reviewed for clear error. *Groseclose v. Bell,* 130 F.3d 1161, 1163 (6th Cir. 1997).

## II.  Procedural Default

On appeal, the state argues that under Ohio law Manning procedurally defaulted his ineffective assistance of trial counsel claim when he failed to raise this claim on direct review. The state asserts that Manning's procedural default

bars him from asserting this claim in a federal habeas corpus proceeding. We disagree.

As the district court correctly noted, the Sixth Circuit applies a multi-part analysis in order to determine whether procedural default precludes the federal courts from granting habeas relief. *Maupin*, 785 F.2d at 138. First, the court must determine (1) whether there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; (3) whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. If the answer to these questions is yes, then the court must inquire into whether the petitioner can obtain habeas relief by demonstrating under *Sykes* "that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the constitutional error." *Id.* at 138 (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

In this case it is evident that the first test has been satisfied. Under Ohio law, Manning waived his right to bring a claim for ineffective assistance of trial counsel by failing to assert this claim on direct appeal. However, the second test, that the state courts actually enforced the state procedural sanction, has not been satisfied. As noted above, the Ohio Court of Appeals reopened Manning's case to examine his claim of ineffective assistance of appellate counsel. The court of appeals pointed out that in order for the appellant to demonstrate ineffective assistance of *appellate* counsel, he must show that (1) "counsel's performance fell below an objective standard of reasonable representation " and that (2) "prejudice arises from the counsel's performance." J.A. at 180 (citing *State v. Bradley*, 538 N.E.2d 373, 379-80 (Ohio 1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258 (1990)). The court noted that in order for Manning to satisfy the prejudice prong of this test he must prove that his trial lawyer rendered ineffective assistance.

Turning to this question, the court found that Manning's trial counsel was not constitutionally ineffective. Although the court held that "it was error to acquiesce to the alternate jurors being in the jury room," it found that trial counsel's error did not prejudice Manning. The court stated, "the record does not establish any prejudice which inured to the appellant. It is impossible to determine if any juror or alternate juror violated the court's orders or if there was any participation by the alternate jurors." *Id.* Given that the court of appeals directly addressed the question of whether Manning's trial counsel rendered ineffective assistance, it is clear that this issue was not disposed of on procedural grounds and that it is ripe for federal habeas review. *See Meeks v. Bergen*, 749 F.2d 322, 325 (6th Cir. 1984) ("Where a state appellate court did not rely on the procedural default, but reached the merits of a claim, the *Sykes* bar is inapplicable."). Accordingly, we turn to the question that has been certified for appeal.

### III.  Prejudice

As noted above, the district court certified the question of "whether there is prejudice per se where alternate jurors were not dismissed before the case was submitted to the jury, but instead were permitted to remain in the jury room and instructed to participate in the deliberations."

Our consideration of this issue is guided by the Supreme Court's decision in *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770 (1993). In *Olano*, petitioners Olano and Gray appealed their federal convictions on the grounds that the district court allowed alternate jurors to observe jury deliberations in violation of Rule 24(C) of the Federal Rules of Criminal Procedure. Recognizing that Rule 24(C) had clearly been violated, the Supreme Court focused on the question of whether the trial court's error affected "substantial rights" under Rule 52(b) of the Federal Rules of Criminal