RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 05a0166p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

ESTIL LEE TRAMMEL,

        *Defendant-Appellant.*

No. 03-6652

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 03-00048—Danny C. Reeves, District Judge.

Argued: March 8, 2005

Decided and Filed: April 8, 2005

Before: MARTIN, GILMAN, and FRIEDMAN, Circuit Judges.[*]

## COUNSEL

**ARGUED:** Stephan Charles, Manchester, Kentucky, for Appellant. John Patrick Grant, ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee. **ON BRIEF:** Stephan Charles, Manchester, Kentucky, for Appellant. John Patrick Grant, ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee.

## OPINION

BOYCE F. MARTIN, JR., Circuit Judge. Estil Lee Trammel appeals his sentence of fifty-seven months of imprisonment imposed following a guilty plea to conspiracy to possess with intent to distribute cocaine and to being a felon in possession of a firearm. On appeal, Trammel claims that the district court erred by increasing his criminal history score by three points under section 4A1.1 of the United States Sentencing Guidelines, based on a two-year conditionally discharged fine in Kentucky state court. While we hold that the district court did not commit error by imposing the three-point increase in Trammel's criminal history score under the Guidelines, we **VACATE** his sentence and **REMAND** for resentencing consistent with the Supreme Court's decision in *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005).

---

[*]The Honorable Daniel M. Friedman, Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

I.

On July 28, 2003, Estil Lee Trammel pled guilty to one count of conspiracy to possess with intent to distribute between 400 and 500 grams of cocaine between January 2001 and June 26, 2002, in violation of 21 U.S.C. § 846, and to one count of being a felon in possession of a firearm on or around June 26, 2002, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court, applying the 2002 version of the Sentencing Guidelines, determined that the base offense level for a violation of 21 U.S.C. § 846 under section 2D1.1 of the Guidelines was 24. The court increased this offense level to 26 pursuant to a multiple-count adjustment under section 3D1.4 of the Guidelines given Trammel's admitted violation of 18 U.S.C. § 922(g)(1). The court then applied a three-level downward adjustment for acceptance of responsibility under section 3E1.1(a), thus resulting in a total offense level of 23.

In calculating Trammel's criminal history score, the court found that one point was appropriate because Trammel had pled guilty to marijuana trafficking in Ohio state court in 1991. The court added another criminal history point under section 4A1.1(c) of the Guidelines based on a 1999 Kentucky contempt of court citation. The contempt of court citation stemmed from Trammel's failure to appear in Kentucky state court on May 19, 1999, on charges that he operated a motor vehicle with no tail lights and without proof of insurance. When Trammel failed to appear on that date, a bench warrant was issued for his arrest. On July 22, he made a court appearance during which he provided proof of insurance and presented testimony regarding the tail lights, resulting in the dismissal of both of those counts. The Kentucky court did, however, find Trammel guilty of contempt of court based on his failure to appear on May 19, and fined him $100, of which $50 was "C/D 2 years"—that is, conditionally discharged for a period of two years. Because the conditional discharge was in effect until July 22, 2001, the beginning activities of Trammel's drug conspiracy offense in the present case fell within this probationary period. The sentencing court therefore added two additional criminal history points, under section 4A1.1(d), because Trammel was under a criminal justice sentence (the conditional discharge) at the beginning of the underlying drug conspiracy. This increased Trammel's criminal history points to 4, which established a criminal history category of III. With a total offense level of 23, and criminal history category of III, the Guidelines provided a sentencing range of 57 to 71 months of imprisonment. The district court sentenced Trammel to 57 months of imprisonment, at the very bottom end of the applicable range. The court explained its sentence as follows:

> Well, I have reviewed the file in this case and I am aware of the defendant's family situation, the situation that he has at home . . . . And I'm mindful that the defendant has a 10-year old son at home. He needs to have the attention of his parent as quickly as he can. And so I do believe that a sentence at the bottom end of the guideline range in this particular case would be appropriate and would serve the purpose of punishment and [serve as] a deterrent in this case. . . . So it will be the sentence of the Court, pursuant to the Sentencing Reform Act of 1984, . . . that Defendant Estil Trammel . . . be imprisoned for a term of 57 months on each of Counts 1 and 2, to be served concurrently, at the same time, resulting in a total term of 57 months.

On appeal, Trammel claims that the district court erred by increasing his criminal history score by three points based on his two-year conditionally discharged fine for contempt of court. According to Trammel, the contempt citation was not authorized under Kentucky law and the court therefore did not effectively impose a conditionally discharged sentence. He also claims that even if the court did impose an effective conditional discharge, it did not amount to a criminal justice sentence under section 4A1.1(d) of the Guidelines. At oral argument, Trammel advanced a new claim, based on the recently decided Supreme Court case of *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005), that this Court should vacate his sentence and remand for resentencing because the district court sentenced him under the now-erroneous impression that the Sentencing Guidelines are mandatory.

II.

We first address Trammel's newly raised claim that resentencing is required under *United States v. Booker*. Trammel did not challenge his sentence on Sixth Amendment grounds in his appellate briefs, and he did not raise a Sixth Amendment or *Booker* issue in any supplemental briefing pursuant to Fed. R. App. P. 28(j). *Cf. United States v. Oliver*, 397 F.3d 369, 377 n.1 (6th Cir. 2005) (finding supplemental briefing under Rule 28(j) sufficient to raise a claim under *Booker* when *Booker* had not been decided at the time of briefing). Instead, Trammel raised his claim—that he is entitled to resentencing under *Booker*—only at oral argument. While this Court is generally suspicious of new claims advanced at oral argument, "this Court has discretion to correct plain errors affecting important rights of criminal defendants, *even when not raised on appeal*." *United States v. Graham*, 275 F.3d 490, 521 (6th Cir. 2001) (exercising its discretion to consider *Apprendi* issue that was not raised before the court of appeals) (emphasis added); *see* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). Because we conclude below that there was plain error in sentencing Trammel under the pre-*Booker* Guidelines framework, we exercise our discretion to consider the *Booker* issue presented in this case despite Trammel's failure to raise the issue in supplemental briefing before this Court.

We review the district court's sentence for plain error because Trammel raised this issue for the first time on appeal. *See Booker*, 125 S. Ct. at 769 (noting that whether a new sentencing hearing is required depends on "ordinary prudential doctrines," such as "whether the issue was raised below and whether it fails the 'plain-error' test"); *United States v. Hines*, 398 F.3d 713, 721 (6th Cir. 2005). In reviewing for plain error, we consider whether (1) there was an error, (2) which was plain, (3) that affected the defendant's substantial rights, and (4) that, in our discretionary view, seriously affects the fundamental fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 466 (1997).

This Court has held that a defendant establishes the first two requirements of the plain-error test—that there was an error under current law and that the error was "plain"—where the defendant was sentenced under the pre-*Booker* mandatory Sentencing Guidelines, because the Guidelines are now only advisory. *See United States v. Barnett*, 398 F.3d 516, 525-26 (6th Cir. 2005). In the present case, Trammel was sentenced under the now-erroneous assumption that the Guidelines are mandatory. Thus, we hold that Trammel has satisfied the first two requirements of the plain-error test.

The third requirement of plain-error review generally requires the defendant to demonstrate that the plain error "affect[ed] substantial rights." Fed. R. Crim. P. 52(b). This normally requires the defendant to show that the error was "prejudicial," which usually means that the error "must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993). In *United States v. Barnett*, 398 F.3d at 526-29, this Court held that a presumption of prejudice was appropriate under the third prong of the plain-error test where a defendant was sentenced under the pre-*Booker* mandatory Guidelines regime and the district court could have imposed a lower sentence in the post-*Booker* world. In so holding, this Court relied on cases in which courts have presumed prejudice "where the inherent nature of the error made it exceptionally difficult for the defendant to demonstrate that the outcome of the lower court proceeding would have been different had the error not occurred." *Id.* at 526-27. For instance, the *Barnett* Court analogized the difficulty facing defendants sentenced under the pre-*Booker* framework to that encountered by defendants who were denied their allocution rights and thus unable to show that their sentence would have been more lenient had they been afforded their right to allocute. *See id.* at 527 (citing *United States v. Adams*, 252 F.3d 276, 287 (3d Cir. 2001)). The *Barnett* Court also cited cases where courts presumed prejudice based on the extraordinary difficulty of showing prejudice resulting from the participation of alternate jurors in jury deliberations. *See id.* at 526 (citing *Manning v. Huffman*, 269 F.3d 720, 726 (6th Cir. 2001)).

In each of these contexts, courts presumed prejudice in the plain-error inquiry because the defendant was unable to show that the subjective decision of the court would have been different if the error had not occurred. The *Barnett* Court thus concluded that a presumption of prejudice was appropriate in this context

given the extraordinary difficulty facing defendants in showing that the subjective decision of the sentencing judge would have been different under the post-*Booker* regime. This is in contrast to the normal burden on a defendant to show prejudice under plain-error review where the claimed error is objective instead of subjective, such as disputes involving a determination of drug quantity. As expressed in *Barnett*:

> Instead of speculating as to the district court's intentions in the pre-*Booker* world, and trying to apply those intentions to predict the same court's sentence under the post-*Booker* scheme, we are convinced that the most prudent course of action in this case is to presume prejudice given the distinct possibility that the district court would have imposed a lower sentence under the new post-*Booker* framework and the onerous burden he would face in attempting to establish that the sentencing court would have imposed such a sentence.

*Id.* at 529. Thus, under *Barnett*, we presume that Trammel has been prejudiced under plain-error review because he was sentenced under the mandatory Guidelines framework and the district court may have exercised its discretion to sentence him more leniently under the post-*Booker* regime.

The *Barnett* Court was careful to note, however, that in some cases the evidence in the record may be sufficient to rebut the applicable presumption of prejudice. *Id.* ("While an appellate court will normally be unable to assess the significance of any [sentencing] error that might have been made, we can imagine cases where the trial record contains clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines regime.") (internal quotation marks and citation omitted). In *Barnett*, the Court found that a mid-range sentence was "insufficient to rebut the presumption that Barnett was prejudiced by the imposition of a sentence under the mandatory Guidelines." *Id.* In the present case, Trammel was sentenced at the very bottom of the Guideline range, which suggests that there is an even greater chance that the district court may have sentenced Trammel to a lower sentence if the sentencing court had known, as we know now, that the Guidelines are advisory. *See, e.g., United States v. Hamm*, No. 03-5658, 2005 WL 525232, at *3 (6th Cir. March 8, 2005) (holding that resentencing was required under *Booker* where defendant was sentenced at the low end of the applicable Guidelines range). The district court's statement at sentencing—that a sentence at the bottom end of the guideline range was appropriate because the defendant's child "needs to have the attention of his parent as quickly as he can"—further supports our conclusion that remand is appropriate. Therefore, in our view, the evidence in the record is insufficient to rebut the presumption of prejudice applicable under *Barnett*.

In sum, because Trammel was sentenced under the Sentencing Guidelines as if they were mandatory, rather than advisory, and because the district court might have exercised its discretion to impose a lower sentence had it known that the Guidelines are only advisory, we hold that Trammel's substantial rights have been affected.

The final step in plain-error analysis is to determine whether, in our discretion, the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Atkinson*, 297 U.S. 157, 160 (1936). In *Barnett*, this Court decided that a sentence imposed under the pre-*Booker* regime satisfies this requirement, even in the absence of a Sixth Amendment violation. *Barnett*, 398 F.3d at 529-30. We therefore hold that this requirement is satisfied in the present case.

### III.

While remand for resentencing is required under *Booker*, we consider Trammel's remaining claim under the Guidelines because the district court will need to consider the correct Guidelines-recommended sentence in fashioning its own post-*Booker* sentence on remand. *See United States v. McDaniel*, 398 F.3d 540, 551 (6th Cir. 2005) ("[B]ecause the district court will need to consider the Guidelines-recommended sentences on remand, we take this opportunity to provide some guidance as to the proper interpretation of the Guidelines provisions whose application was challenged on appeal.").

On appeal, Trammel argues that the district court erred by increasing his criminal history score by one point under section 4A1.1(c) and two points under section 4A1.1(d) based on a contempt citation issued in Kentucky state court.  On appeal, Trammel argues that: (1) the contempt citation was not a criminal justice sentence authorized under Kentucky law; (2) the contempt citation did not effectively impose a conditionally discharged sentence under Kentucky law; and (3) even if the citation did constitute an effective conditional discharge, the conditional discharge does not constitute a criminal justice sentence under the Guidelines.  Each of these claims is without merit.  First, the record indicates that Trammel failed to appear for trial in Kentucky state court on May 19, 1999, and was consequently found guilty of contempt of court on July 22.  While Trammel attempts to argue that the Kentucky court lacked contempt power, he is generally barred from collaterally attacking his state contempt of court conviction in this Court absent a constitutional claim based upon a denial of counsel.  *See, e.g., Custis v. United States*, 511 U.S. 485, 495-97 (1994); *United States v. Hough*, 276 F.3d 884, 897 (6th Cir. 2002).

Second, Trammel's argument that the contempt citation did not effectively impose a conditionally discharged sentence under Kentucky law is similarly misguided.  Trammel's claim on this issue is based on his allegations that "[i]t's questionable whether a fine may be probated or conditionally discharged . . . under Kentucky law," and that he was not given a written statement explicitly setting forth his release conditions pursuant to section 533.030(6) of the Kentucky Revised Statutes.  To the extent that Trammel attempts to attack collaterally his state court sentence, we reiterate, as established above, that this is generally not permitted at federal sentencing proceedings.

Finally, despite Trammel's claims to the contrary, the conditional discharge in this case does constitute a criminal justice sentence under the Guidelines.  Under the 2002 version of the Sentencing Guidelines, two points are added to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  U.S.S.G. § 4A1.1(d).  This Court has held that a term of conditional discharge, even when imposed in connection with a fine rather than a suspended jail sentence, is properly considered a term of probation and therefore should be included in criminal history calculations under the Guidelines.  *See United States v. Rollins*, 378 F.3d 535, 539-40 (6th Cir. 2004) (holding that a two-year conditional discharge imposed under Kentucky law was properly considered for the purposes of calculating defendant's criminal history score).  Thus, Trammel's conditional discharge does constitute a criminal justice sentence under the Guidelines.  Because the conditional discharge was in effect until July 22, 2001, the beginning activities of Trammel's underlying conspiracy offense fell within this probationary period and, thus, a two-point increase under section 4A1.1(d) of the Guidelines was appropriate.

IV.

For the above-stated reasons, we conclude that the district court did not err in calculating Trammel's criminal history score.  However, we **VACATE** Trammel's sentence and **REMAND** for resentencing consistent with this opinion and with the Supreme Court's decision in *Booker*.