NOT FOR PUBLICATION
File Name: 05a0322n.06
Filed: April 28, 2005

NO. 03-2159

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

                                         ON APPEAL FROM THE

v.                                    UNITED STATES DISTRICT
                                         COURT FOR THE WESTERN

RENE MANCIA-CAMPOS,         DISTRICT OF MICHIGAN

       Defendant-Appellant.

—————————————————————/

BEFORE:    SUHRHEINRICH, ROGERS, and COOK, Circuit Judges.

       **SUHRHEINRICH, J., Circuit Judge.** Defendant Rene Mancia-Campos appeals from the

judgment of the district court following his guilty plea to one count of entering the United States

after having been convicted of a felony offense, in violation of 8 U.S.C. § 1326(b)(1). The only

remaining issue on appeal is whether we should vacate Defendant's sentence and remand to the

district court for resentencing in light of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005).

We conclude that the district court's mandatory application of the guidelines amounted to plain error

in this case.

**I.**

       Defendant is a citizen and national of El Salvador. Defendant's wife and three children live

in Mexico. On February 19, 2003, he was discovered in Grand Traverse County, Michigan after

having previously been convicted of a felony and deported. Defendant was charged with, and

pleaded guilty to, one count of being present in the United States after previously being deported as an alien who had been convicted of a felony, in violation of 8 U.S.C. § 1326(b)(1).

At sentencing, the district court found that Defendant had been previously convicted of two felonies involving violence: a California state conviction for attempted grand larceny from the person, and a California state conviction for making a terrorist threat. Pursuant to U.S.S.G. § 2L1.2(1)(A)(ii)[1], the district court enhanced Defendant's base offense level by sixteen, resulting in an offense level of 24. The court reduced this by three levels for acceptance of responsibility, resulting in a final offense level of 21. The court denied Defendant's request for a downward departure. Given the Defendant's Criminal History Category of V, the resulting guideline range was seventy to eighty-seven months. The district court sentenced Defendant to a term of seventy-two months in prison. This timely appeal follows.

## II.

The Government concedes that the district court erred in finding that the crime of attempted grand theft from a person is a crime of violence for purposes of § 2L1.2(b)(1)(A) and therefore does not rely upon this conviction to support the district court's application of the sixteen-level increase.[2]

---

[1]U.S.S.G. § 2L1.2(a), "Unlawfully Entering or Remaining in the United States," sets the base offense level at 8. Section 2L1.2(b)(1)(A)(ii) provides that:

> If the defendant previously was deported, or unlawfully remained in the United States, after–(A) a conviction for a felony that is . . . (ii) a crime of violence; . . . increase by 16 levels.

A felony is defined as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2(b)(1)(A), comment. (n. 2).

[2]The district court relied on *United States v. Wofford*, 122 F.3d 787 (9th Cir. 1997) to conclude that the crime was inherently dangerous. *Wofford* relied on the "otherwise" clause of 18 U.S.C. § 924(e) in reaching this conclusion. *See Wofford*, 122 F.3d at 792-93 (holding that a

-2-

Similarly, Defendant conceded at oral argument that his challenge to the sixteen-level enhancement pursuant to § 2L1.2(b)(1)(A)(ii) on the grounds that his 1993 California conviction was not a felony is foreclosed by this Court's decision in *United States v. Boumelhem*, 339 F.3d 414, 426 (6th Cir. 2003) (holding that a suspended sentence under California Penal Code with felony probation was not a "judgment" that triggered the conversion of the felony charge to a misdemeanor, adopting the view of the Ninth Circuit in *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992)). Thus, the parties do not disagree on those issues properly preserved on direct appeal.

The only remaining question is whether, in light of *Booker*, we must remand the matter for resentencing. *Booker* holds that under the Sixth Amendment "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756 (reaffirming rule of *Apprendi*); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). *Booker* also holds that, given this Sixth Amendment right, the guidelines are advisory, not mandatory. *Booker,* 125 S. Ct. at 765. Further, both holdings apply to all cases on direct review. *Booker*, 125 S. Ct. at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

---

conviction of grand theft from a person, was a "violent felony" under § 924(e), because it fell within the "otherwise" clause of § 924(e), which includes in the definition of "violent felony" a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). That language is not found in the current version of U.S.S.G. § 2L1.2, which refers only to crimes which have "as an element" the "use, attempted use, or threatened use of physical force against the person of another," and does not include larceny from the person in the listed crimes. *See* U.S.S.G. § 2L1.2, cmt. n.1 (B)(iii) (Nov. 2003). As noted, the Government concedes this on appeal and does not rely upon this conviction to support the district court's application of the sixteen-level increase.

There is no Sixth Amendment violation in this case because the enhancement factor at issue involved the nature of a prior conviction, which is expressly excepted from the constitutional ruling in *Booker*. *See United States v. Barnett,* 398 F.3d 516, 524 (6th Cir. Feb. 16, 2005) (stating that "[e]xisting case law establishes that *Apprendi* does not require the nature or character of prior convictions to be determined by a jury); *cf. id.* at 525 (holding that there was no Sixth Amendment violation where the judge, rather than the jury, determined the nature of the defendant's previous convictions for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)). We must still decide, however, whether the Supreme Court's remedial holding requires a remand here. *Booker*, 125 S. Ct. at 769; *Barnett*, 398 F.3d at 524.

It is now settled in this Circuit that, where the defendant failed to raise a *Booker* error below, plain error is the applicable standard of review. *See, e.g., Barnett*, 398 F.3d at 525; *United States v. Milan*, 398 F.3d 445, 450-51 (6th Cir. 2005); *United States v. Oliver*, 397 F.3d. 369, 375 (6th Cir. 2005). We therefore consider whether there was plain error, that affects substantial rights, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Barnett*, 398 F.3d 525 (citing *Johnson v. United States*, 520 U.S. 461, 466 (1997) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993))).

This Circuit has recently ruled it is plain error for a defendant "to be sentenced under a mandatory Guidelines regime that has now become advisory." *Id.* at 526; *see also Milan*, 397 F.3d at 451 (same). We also now presume prejudice as to pre-*Booker* sentences absent explicit record evidence to rebut that presumption. *Barnett*, 398 F.3d at 526-29 (6th Cir. 2005); *United States v. Trammel*, ___ F.3d ___ , 2005 WL 783361, at *3-4 (6th Cir. 2005).

The Government argues that "for purposes of *Booker*, the district court expressly found that the range called for by the sentencing guidelines was appropriate for this particular defendant." In support, the Government points out that the district court agreed with [the Government's] statement at sentencing that Defendant was "right where he should be." It therefore contends that a remand is unnecessary.

In context, it appears that the Government was arguing the appropriateness of Defendant's sentence within the narrow context of downward departures under the Guidelines. Defendant requested a downward departure on the grounds that the sixteen-level increase assessed against him was overly harsh in light of what he characterized as relatively minor offenses in his past. The Government disagreed, arguing that:

> All of this occurred in the United States where the defendant didn't belong in the first place. And it's the position of the United States that such a person, looking at a sentencing guideline range of between 70 and 87 months, is right where he should be. This is not a shocking aberration that the guidelines call for, and this is not a situation where the Court ought to exercise its discretion and depart.

(J.A. 53). The court replied:

> Yes. And I agree with that. If you even look at the issues where he does not get any criminal history points because of age, he presents himself as a fairly dangerous person. Threatening a witness of a crime, exhibiting a deadly weapon, so-called terrorist threat, and attempted grand theft. So I am not going to depart downward in this case.

(*Id.*).

It is not entirely clear whether the district court was agreeing with the Government's statement that "[t]his is not a shocking aberration," or that Defendant was "right were he should be." In addition, the district court stated that "I think I still have discretion. The amendment says that I

-5-

do have discretion to depart. . . . But I think it's a much narrower discretion because, supposedly at least, the sentencing commission has taken these gradations into consideration." (J.A. 51).

*Booker*, following *Blakely*, holds that the availability of some downward departures does not alter the fact that the Guidelines unconstitutionally require judges to increase the defendant's sentence upon finding certain facts. *Booker*, 125 S. Ct. at 750. In this light the district court's acknowledging its limited discretion to depart downward is not sufficient to rebut the presumption that the court would have given a lower sentence in an advisory system.

Moreover, in *Barnett*, this Court held that a mid-range sentence was insufficient to rebut the presumption that the defendant was prejudiced by the imposition of a sentence under the mandatory guidelines. Here, Defendant actually was sentenced near the bottom of the guideline range–only two months above it.

In sum, the record in this case is insufficient to rebut the presumption of prejudice under *Barnett*. The record also supports a finding that the error here seriously affects the fairness and integrity of the judicial proceedings. *See Barnett*, 398 F.3d at 529-30.

**III.**

In sum, because the parties do not dispute that the district court's application of § 2L1.2(b)(1)(A) was "reasonable," we find no error on the preserved issues, and therefore need not engage in a substantial error analysis. However, we also hold that the plain error in this case affected Defendant's substantial rights and seriously affected the fairness, integrity or public reputation of judicial proceedings. We therefore VACATE Defendant's sentence and REMAND for resentencing consistent with this opinion and the Supreme Court's decision in *Booker*.

-6-