**NOT RECOMMENDED FOR PUBLICATION**
File Name: 05a0933n.06
Filed: November 28, 2005

**No. 04-5848**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| RONALD DAVIS, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER and SUTTON, Circuit Judges; SHARP, District Judge.[*]

**SILER**, Circuit Judge.  Defendant Ronald Davis pled guilty to knowingly uttering and possessing a counterfeited security with intent to deceive.  He appeals his sentence (1) under *Booker*, (2) for error in not granting a reduction for being a minimal or minor participant, and (3) for miscalculation of criminal history.  We REVERSE and REMAND for resentencing.

**BACKGROUND**

In 2001, John Riley approached Davis and stated that he knew someone who made counterfeit checks.  *Id.*  Although Davis was uninterested in cashing the checks, he introduced Riley to Keith McMinn, with whom Davis had a previous relationship involving counterfeit checks.  The three men agreed to split the proceeds of the checks.  Later, Riley obtained a counterfeit check for

[*]The Honorable Allen Sharp, United States District Judge for the Northern District of Indiana, sitting by designation.

$32,000 and gave it to McMinn, who subsequently cashed it without notifying Davis. When Davis learned the check was cashed, he felt he had been cheated and was owed $6,000. Accordingly, he compelled McMinn to go to a bank to cash a personal check for Davis's benefit. After bank officials became suspicious and called police, McMinn confessed and disclosed the details of the scheme. McMinn later stated that an acquaintance of his, Lee Hale, had been threatened in her home by Riley and an unknown man if McMinn should confess to the police. After McMinn's release on bond, Davis telephoned McMinn stating that Davis had "put a hit" on McMinn. Further, Davis told McMinn that it "was on" and that McMinn owed him $6,000.

Davis, Riley and McMinn were indicted on two separate counts of knowingly uttering and possessing a counterfeited security with the intent to deceive. Davis pled guilty to Count 1 in 2004 and was sentenced under the 2000 Sentencing Guidelines to fifteen months imprisonment, two years supervised release, and $27,000 in restitution. At sentencing, Davis objected to his sentence, claiming he was entitled to a downward adjustment for having a minor or minimal role in the offense under USSG § 3B1.2. However, the district court overruled this objection. In addition, Davis objected to the inclusion under his criminal history of a 1996 conviction in Atlanta traffic court for "allowing intoxicated driver to drive" for which he was sentenced to six months incarceration and a $1,200 fine. He argued (1) that, in fact, he pled guilty to only a $100 fine, (2) there was not enough evidence in the record to prove this conviction, and (3) this offense should be considered a "minor traffic infraction" under USSG § 4A1.2(c)(2). After consideration, the district court ruled the conviction was properly included and Davis was assessed two criminal history points for it.

## DISCUSSION

## 1. Sixth Amendment

While the failure to raise his Sixth Amendment claim below was not a waiver,[1] it is a closer question whether Davis's failure to assert his claim forfeited the claim (thereby requiring plain error review) or whether the claim remains preserved (thereby requiring *de novo* review).[2] Ultimately, however, that determination is unimportant here since the district court plainly erred in sentencing Davis. In reviewing for plain error, we must consider whether (1) there was an error, (2) which was plain, (3) that affected the defendant's substantial rights and, (4) that, in the court's discretionary view, seriously affects the fundamental fairness, integrity, or public reputation of judicial proceedings. *United States v. Trammel*, 404 F.3d 397, 401 (6th Cir. 2005) (citation omitted).

Given that Davis was sentenced under the now-erroneous assumption that the Guidelines are mandatory, three of the four prongs of the plain error test are easily satisfied. This court has said there is plain error "where the defendant was sentenced under the pre-*Booker* mandatory Sentencing Guidelines." *Id.* at 402(citation omitted). Further, the fourth prong is satisfied because "a sentence imposed under the pre-*Booker* regime satisfies this requirement, even in the absence of a Sixth Amendment violation." *Id.* at 403 (citation omitted).

As for the third prong, a presumption of prejudice is appropriate where a defendant was sentenced under the pre-*Booker* mandatory Guidelines regime and the district court could have

---

[1]There has been no "intentional relinquishment or abandonment of a known right." *United States v. McDaniel*, 398 F.3d 540, 546 (6th Cir. 2005) (citation omitted).

[2]Preservation of a Sixth Amendment claim may exist even where that claim was not raised in the court below. *United States v. Strayhorn*, 250 F.3d 462, 467 (6th Cir. 2001), *overruled on other grounds by United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002); *but see United States v. Davis* 397 F.3d 340, 350 (6th Cir. 2005).

imposed a lower sentence in the post-*Booker* world. *Id.* at 402 In order to rebut this presumption, the trial record must contain "clear and specific evidence that the district court would not have, in any event, sentenced the defendant to a lower sentence under an advisory Guidelines regime." *United States v. Barnett*, 398 F.3d 516, 529 (6th Cir. 2005) (citation omitted). In this case, not only is this rebuttal evidence absent from the record, but the record contained indications expressly to the contrary.[3] Therefore, the third prong is also satisfied.

## 2. Reduction in Offense Level

While a remand for resentencing is required under *Booker*, Davis's remaining claims must be addressed since the district court is required to consider the correct Guidelines-recommended sentence on resentencing. *United States v. Booker*, 125 S.Ct. 738, 764 (2005). As to the first claim, "[w]hether a defendant is entitled to a downward departure under 3B1.2 depends heavily on factual determinations," which an appellate court reviews only for "clear error." *United States v. Campbell*, 279 F.3d 392, 396 (6th Cir. 2002). This court has noted that it "continue[s], in reviewing individual Guidelines determinations, to apply the standards of review we applied prior to *Booker*." *United States v. Davidson*, 409 F.3d 304, 310 (6th Cir. 2005).

The minimal participant provision is "intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group" and is to be "used infrequently." USSG § 3B1.2, comment. (n.1-2). Defendant's lack of knowledge, lack of understanding about the

---

[3]This evidence includes an express statement by the court that it thought " a sentence at the low end of the Guidelines" was "appropriate," and the fact that the actual sentence was at the bottom of the Guidelines range. *See Trammel*, 404 F.3d at 402.

enterprise, and lack of understanding of the activities of others in it are indicative factors of a minimal participant. *Id.* at comment. (n.1). A minor participant is one who cannot be described as minimal, but whose conduct is less culpable than most other participants. *Id.* at comment. (n.3).

Here, the district court rested its decision on the defendant's continued involvement in the crime. Not only was Davis crucial to initiating the crime by bringing the parties together, but his involvement also continued beyond this with his pressuring McMinn for payment. Furthermore, although he did not participate in every act, Davis was to profit from it and his conduct does not appear qualitatively different from other members of the fraud. In conclusion, the ultimate decision appears entirely plausible in light of the record as a whole and cannot be said to be clearly erroneous.

## 3. Criminal History Calculation

As to the Atlanta traffic violation, Davis argues that (1) the evidence presented was insufficient to warrant inclusion of the conviction and (2) even if sufficiently proven, the crime charged was a minor traffic infraction and, therefore, should be excluded from the criminal history calculation. We review "a district court's legal interpretation of the Guidelines *de novo*" and its factual findings under a clearly erroneous standard. *United States v. Cole*, --- F.3d ---, 2005 WL 1903833, *1 (6th Cir. April 29, 2005). "This standard of review is not altered by the decision of the Supreme Court in" *Booker*. *Id.*

Davis first argues that there was insufficient evidence to warrant a two-point criminal history assessment for this conviction. He contends that there should have been no points issued for this offense since "he only received a $100.00 fine and no incarceration." However, given the

concession alone, the offense clearly qualifies as a prior sentence and, as such, at least a one-point assessment is appropriate.[4] *See* USSG § 4A1.2(a)(2). In order for the conviction to warrant a two-point assessment, there must have been a sentence of imprisonment of at least sixty days, Davis must have served some amount of time for the conviction, and the sentence must not have been an alternative sentence. USSG §§ 4A1.1(b); 4A1.2 comment. (n.2,4). The district court found that the sentence "provide[d] for six months of incarceration." However, the court made no finding as to whether Davis served time or if this was an alternative sentence. The record itself contains scant evidence about the nature of this conviction[5] and throughout sentencing the defense strenuously objected to the government's characterization of the crime. Even so, Davis also failed to offer into evidence any proof supporting his position. Due primarily to the lack of any contrary evidence in the record and given the fact that the district court expressly found a two-point assessment appropriate, the district court's decision was not clearly erroneous. Nevertheless, upon remand, the district court is not precluded from reconsidering this ruling, if Davis or the government wishes to supplement the record on that point.

As to Davis's other argument, for exclusion of the conviction under USSG § 4A1.2(c)(2), the district court correctly ruled that a conviction under Georgia Code § 40-1-3 for allowing an intoxicated driver to drive does not qualify as a "minor traffic infraction" under §4A2.c(2). Since

---

[4]The trial court mistakenly referred to "Code Section 40-1-30" during sentencing. Instead, the conviction must have occurred under Georgia Code 40-1-3 which would authorize up to a one year sentence of imprisonment. *See* GA. CODE ANN. §§ 40-6-1, 17-10-3 (1996).

[5]The only evidence indicating a non-alternative sentence had been served was its listing in the presentence report and the probation officer's statement that the report "shows the defendant was sentenced to six months confinement. It does not reflect any probationary sentence."

this is a purely legal question, we review it *de novo*. *Cole*, --- F.3d ---, 2005 WL 1903833, at *1.

An "'infraction' in the phrase 'minor traffic infractions'... represents a 'term of art'" and, as such, is defined as "any offense for which the maximum authorized term of imprisonment is not more than five days." *United States v. Rollins*, 378 F.3d 535, 537 (6th Cir. 2004) (citation omitted). In this case, the maximum authorized sentence is clearly beyond five days and, therefore, the trial court was correct in ruling that the crime of conviction did not constitute a minor traffic infraction.

REVERSED and REMANDED for resentencing.