**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0113n.06**
**Filed: February 14, 2006**

**No. 04-6359**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MIGUEL ANGEL RENTERIA-GARCIA, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: NELSON, DAUGHTREY, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. The court remands for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), because the district court sentenced Renteria-Garcia under the erroneous assumption that the federal sentencing guidelines were mandatory.

**I.**

Renteria-Garcia pled guilty to illegal re-entry into the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). Renteria-Garcia is a native and citizen of Mexico who was deported in 1998 after pleading guilty to second degree robbery. He illegally returned to the United States and was arrested on March 28, 2003, after being involved in a minor traffic accident.

After pleading guilty, Renteria-Garcia was sentenced to 41 months' imprisonment. This was the low end of the applicable guideline range after an offense level reduction for acceptance of responsibility. The district court did not articulate an alternative sentence if the guidelines were found advisory.

## II.

Because Renteria-Garcia did not object to being sentenced under the guidelines, this court reviews for plain error. *United States v. Barnett*, 398 F.3d 516, 527 (6th Cir. 2005). In reviewing for plain error, we consider whether (1) there was an error, (2) which was plain, (3) that affected the defendant's substantial rights, and (4) that, in this court's discretionary view, seriously affects the fundamental fairness, integrity, or public reputation of judicial proceedings. *See Johnson v. United States*, 520 U.S. 461, 466-67 (1997).

## III.

A sentencing court's failure to treat the guidelines as advisory constitutes plain error as a matter of law. *Barnett*, 398 F.3d at 527. In the present case, it is undisputed that the district court committed plain error because it sentenced Renteria-Garcia under the now-erroneous assumption that the Guidelines are mandatory. The only issues in this case concern the prejudice and fairness prongs. The government has not rebutted the presumption of prejudice, and the district court offered no alternative sentence if the guidelines were found advisory. *See Barnett*, 398 F.3d at 529 (stating that presumption of prejudice was appropriate in the *Booker* context); *see also United States v.*

*Trammel*, 404 F.3d 397, 402 (6th Cir. 2005) (stating that being sentenced to the lowest possible sentence under the guidelines heightens the risk of prejudice). *Booker* violations affect fundamental fairness. *Barnett*, 398 F.3d at 529-30 (stating a sentence imposed under the pre-*Booker* regime satisfies this requirement). Renteria-Garcia is, therefore, entitled to resentencing.

We therefore remand for resentencing in light of *Booker*'s remedial holding that the sentencing guidelines are advisory.