*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0113p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　　*Plaintiff-Appellee,*

　　　*v.*

KEVIN R. HAMM,

　　　　　　*Defendant-Appellant.*

No. 03-5658

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 02-00049—John G. Heyburn II, Chief District Judge.

Submitted: January 26, 2005

Decided and Filed: March 8, 2005

Before: MOORE and GILMAN, Circuit Judges; WEBER, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Frank P. Campisano, LAW OFFICE OF FRANK CAMPISANO, Louisville, Kentucky, for Appellant. Monica Wheatley, Terry M. Cushing, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellee.

_____

## OPINION

_____

　　　RONALD LEE GILMAN, Circuit Judge. Kevin R. Hamm pled guilty to charges of using the Internet in an attempt to induce a minor to engage in sexual activity and of attempting to transport a minor in interstate commerce for purposes of sexual activity. At his sentencing hearing, Hamm requested that the district court depart downward from the applicable United States Sentencing Guidelines' range of 33 to 41 months of imprisonment. The district court, after refusing to do so, sentenced Hamm to a total term of 33 months in prison.

　　　Hamm now appeals, claiming that the district court failed to recognize its discretion to depart downward, and that its reliance on the postoffense PROTECT Act, Pub. L. No. 108-21, 117 Stat. 650 (2003), in determining Hamm's sentence subjected him to *ex post facto* punishment. He also argues that his sentence should be vacated and his case remanded to the district court for

_____

[*]The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

resentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005). For the reasons set forth below, we agree that *Booker* requires us to **VACATE** Hamm's sentence and **REMAND** the case to the district court for resentencing.

## I. BACKGROUND

Hamm, a 37-year-old New Jersey resident and businessman, visited an Internet chatroom called "I wanna do older men." He initiated an online conversation with an individual whom he believed to be a 14-year-old girl from Louisville, Kentucky. They engaged in a long series of sexually explicit exchanges, in which Hamm expressed his desire to have sexual relations with a teenage girl. After several months, Hamm sent her $140 in cash to buy an airline ticket to Baltimore, Maryland, where they planned to meet for a weekend of sexual activity.

In reality, the "14-year-old girl" was an undercover FBI agent. Hamm was arrested at the Baltimore/Washington International Airport when he arrived at their designated meeting place on April 2, 2002. He later pled guilty to charges of using the Internet in an attempt to persuade, induce, and entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and of attempting to transport a minor in interstate commerce for purposes of sexual activity, in violation of 18 U.S.C. § 2423(a).

At his sentencing hearing, Hamm did not dispute the facts contained in the Presentence Report, but requested that the district court depart downward from the applicable Sentencing Guidelines' range of 33 to 41 months of imprisonment for three reasons: (1) diminished capacity, (2) aberrant behavior, and (3) extraordinary postoffense rehabilitation. The district court inquired about the then newly enacted PROTECT Act, which limits a sentencing court's authority to depart downward from the Sentencing Guidelines in child-exploitation cases. Hamm's counsel argued that the Act restricts "downward departure motions to only those recognized in the guidelines themselves" and, "[w]ith that understanding, the diminished capacity for downward departure as recognized under [U.S.S.G §] 5K2.13 would still be allowed to go forward." The district court assured Hamm's counsel that it would hear arguments on all three of Hamm's proposed grounds for a downward departure.

A psychologist testified in support of Hamm's diminished-capacity and extraordinary-postoffense-rehabilitation arguments, and several members of his family made statements advocating for a lenient sentence. Hamm also addressed the district court on his own behalf. At the conclusion of the sentencing hearing, the court ruled that Hamm had failed to establish grounds for a departure based on diminished capacity. The court added that "I'm not sure that the aberrant behavior or extraordinary post-offense rehabilitation factors are allowable under the new statute, but if they were allowed, I don't think that this case fits into the circumstance that would allow a downward departure under those circumstances." After deciding not to depart from the Sentencing Guidelines, the district court sentenced Hamm to a total term of 33 months in prison.

Hamm now argues that the district court erred in refusing to grant his motion for a downward departure because the court failed to recognize its ability to depart downward based upon aberrant behavior and/or extraordinary postoffense rehabilitation. He also argues that the district court's reliance on the PROTECT Act subjected him to *ex post facto* punishment. Finally, he questions the applicability of the Sentencing Guidelines in light of *Booker*. None of these objections, however, were raised at Hamm's sentencing hearing.

## II. ANALYSIS

Hamm argues that the district court mistakenly relied upon the PROTECT Act to determine that it did not have the authority to depart downward based upon aberrant behavior and/or extraordinary postoffense rehabilitation. He further contends that the district court's application of the PROTECT Act subjected him to *ex post facto* punishment by inflicting a more severe sentence than he would have received had the court not relied upon the Act, which became effective after Hamm committed his crime. We need not address the merits of Hamm's arguments, however, because we conclude that the sentence imposed by the district court is invalid in light of *Booker*.

In *Booker*, the Supreme Court ruled that the Sixth Amendment is violated when a district court imposes a sentence greater than the maximum authorized by the facts as found by the jury. *Id.* at 756 (Stevens, J., opinion of the Court) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to the jury beyond a reasonable doubt."). To remedy the potential constitutional violations arising from the application of the Sentencing Guidelines, the Court severed and excised those portions of the Sentencing Reform Act that mandated adherence to the Guidelines and therefore rendered the Guidelines "effectively advisory." *Id.* at 756-57 (Breyer, J., opinion of the Court).

The holding in *Booker* applies "not only to those defendants like Booker, whose sentences had been imposed in violation of the Sixth Amendment, but also to those defendants, like Fanfan, who had been sentenced under the mandatory regime without suffering a constitutional violation." *United States v. Hughes*, No. 03-4172, 2005 WL 147059, at *4 (4th Cir. Jan. 24, 2005). Because Hamm's sentence was based solely upon facts admitted by Hamm in his guilty plea (and therefore did not implicate the Sixth Amendment), his case is more analogous to Fanfan's than to Booker's.

Hamm did not challenge the applicability of the Sentencing Guidelines before the district court. As a result, we review the district court's decision under the "plain error" standard. "To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998).

Here, the district court made clear that it was sentencing Hamm within the range provided by the Sentencing Guidelines. Given that the Supreme Court has held that the Guidelines are now discretionary, *Booker*, 125 S. Ct. at 756-57, Hamm has met the first two requirements of the plain-error test; namely, that there was an error and that it was plain. *See Johnson v. United States*, 520 U.S. 461, 468 (1997) (holding that an error is plain "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

The third inquiry is whether the error affected Hamm's substantial rights. An error affects a defendant's substantial rights where it is prejudicial, meaning that it affected the outcome of the proceedings below. *See United States v. Barajas-Nunez*, 91 F.3d 826, 833 (6th Cir. 1996) (explaining that an error affects substantial rights if it "affects the outcome of the district court proceedings"). Although the district court declined to depart downward from the Sentencing Guidelines, the court did impose a sentence at the low end of the Guidelines range of 33–41 months. In doing so, the court said:

> There are certain limitations under the law as to how far we can go from the guideline ranges given certain facts, and many of the things that you have said, even though they don't provide a basis for reducing the sentence, are a strong suggestion that when all things are said and done that . . . Mr. Hamm will lead a very productive

life here on out for his family and friends. That's a very positive thing. . . . [G]iven everything that I have heard, I think that a sentence at the low end of the guideline range is appropriate and fair, meets all the sentencing objectives in terms of certainly providing punishment where it was needed and sending a signal of general deterrence, and yet there seems to be plenty of family support here and a recognition of a wrong that was done, and it is my hope and belief that after serving the sentence that he can in fact be a productive member of society.

Based upon the district court's imposition of a sentence at the low end of the range and its apparent sympathy for Hamm, we believe that the court might have sentenced Hamm to fewer than 33 months in prison if it had felt that it were free to do so. Of course, the district court might also have opted not to depart from the recommendation of the Sentencing Guidelines, but it never had the opportunity to make that decision. We therefore conclude that the error affected Hamm's substantial rights. *See United States v. Barnett*, No. 04-5252, slip op. at 9 (6th Cir. February 16, 2005) (holding that prejudice to the defendant was presumed because "if the district court in this case had not been bound by the range prescribed in the Guidelines, [the defendant] may have received a lower senternce"); *United States v. Oliver*, No. 03-2126, 2005 WL 233779, at *8 n.3 (6th Cir. Feb. 2, 2005) (explaining that "even if we conclude that the evidence [upon which the judge based his sentencing determination] is 'overwhelming and essentially uncontroverted' we cannot know the length of imprisonment that the district court judge would have imposed pursuant to this evidence following *Booker*"); *United States v. Davis*, 397 F.3d 340, 349 (6th Cir. 2005) (finding that the defendant's substantial rights were affected because "the district court's comments at sentencing make it seem likely . . . that Defendant would have gotten the low end sentence of 30 months had the court used its discretion").

The final inquiry is whether the error "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Koeberlein*, 161 F.3d at 949. Whether this factor is met is within our discretion to decide. *See United States v. Olano*, 507 U.S. 725, 735 (1993) ("If the forfeited error is 'plain' and 'affect[s] substantial rights,' the court of appeals has authority to order correction, but is not required to do so.") (alteration in original). We believe that an exercise of our discretion is appropriate here, given that "[w]e would be usurping the discretionary power granted to the district courts by *Booker* if we were to assume that the district court would have given [the defendant] the same sentence post-*Booker*." *Oliver*, 2005 WL 233779, at *8 n.3. "*Booker* wrought a major change in how federal sentencing is to be conducted. . . . [T]o leave standing [a] sentence imposed under the mandatory guideline regime, we have no doubt, is to place in jeopardy the fairness, integrity, or public reputation of the judicial proceedings." *Hughes*, 2005 WL 147059, at *5 (quotation marks omitted).

We recognize that, on the day after this court issued the *Oliver* decision, another panel of the court issued a ruling that appears to conflict with *Oliver*. *See United States v. Bruce*, No. 03-3110, 2005 WL 241254 (6th Cir. Feb. 3, 2005). In *Bruce*, this court held that the fourth prong of the plain-error standard is not satisfied "if the evidence bearing upon the issue that was impermissibly decided by the judge rather than the jury [for sentencing purposes] was 'overwhelming' and 'essentially uncontroverted.'" *Id* at *17. Despite this apparent intracircuit split, we are bound by *Oliver*—rather than *Bruce*—because *Oliver* was decided prior to *Bruce*. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision."). Therefore, because the district court committed plain error—based upon *Booker* hindsight—in imposing Hamm's sentence, we are remanding this case for him to be resentenced.

## III.  CONCLUSION

For all of the reasons set forth above, we **VACATE** Hamm's sentence and **REMAND** the case to the district court for resentencing.