NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0782n.06
Filed: September 7, 2005
File Name: 05a0782n.06
Filed: September 7, 2005

**No. 04-5996**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE WESTERN** |
| CHARLES KELLY WYNN, | ) | **DISTRICT OF TENNESSEE** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

**BEFORE: KEITH, DAUGHTREY, Circuit Judges, and WILLIAMS,\* District Judge.**

    **DAMON J. KEITH, Circuit Judge**. Defendant-Appellant Charles Kelly Wynn ("Wynn")

was convicted and sentenced for violating 18 U.S.C. § 922(g), possession of a firearm by a

convicted felon. He appeals the district court's denial of his motion to suppress arguing that the

police did not have probable cause to arrest him for public intoxication. In addition, he appeals his

sentence contending that the district court erred when it used his prior convictions to sentence him

under the Armed Career Criminal Act, 18 U.S.C. § 924(e) . For the following reasons, we **AFFIRM**

the district court's denial of his motion to suppress, but we conclude that the sentencing order must

be **VACATED** and the matter **REMANDED** for re-sentencing consistent with the Supreme Court's

decision in *United States v. Booker*, 125 S.Ct. 738 (2005).

---

    \* The Honorable Glen M. Williams, United States District Judge for the Western District of
Virginia, sitting by designation.

## I. BACKGROUND

On September 10, 2003, at approximately 2:00 a.m., a call was placed to the Savannah, Tennessee, police department. The caller indicated that shots were fired at a residence located in Savannah. Officer Johnny Boleyn was on duty and, along with other officers, investigated the call. He arrived at the residence in question where a truck was parked. Joint Appendix ("J.A.") at 34. He pulled into the driveway and parked behind the truck, which was approximately fifty feet from his patrol car. As he pulled into the driveway, he flashed his spotlight on the truck. He saw three people sitting in the truck.

After two other police cars arrived, he exited his patrol car and starting walking toward the truck. As Officer Boleyn was exiting his car, he noticed a man sitting behind the wheel lean over in the vehicle for a few seconds. He also stated that when the man leaned over, he could hear a "metallic sound, a clanking, from the vehicle." J.A. at 36. Officer Boleyn walked to the passenger side of the vehicle and noticed that all three of the occupants were intoxicated. He indicated that "[t]here was a strong smell of alcoholic beverage coming from the vehicle when the passenger rolled down the window." *Id.*

Officer Boleyn indicated that after the officers "had gotten [the two passengers] out of the vehicle... [they] were staggering, [with] very slurred speech, and started cursing." *Id.* at 37. At that time, the two passengers were placed under arrest for public intoxication. *Id.* While Officer Boleyn was arresting the two passengers, another officer was speaking with Defendant-Appellant Charles Kelly Wynn, who had been sitting behind the wheel. The officer "advised him he was going to go ahead and place him under arrest too because he was highly intoxicated." *Id.*

While the officers were in the process of placing all three subjects under arrest, the female passenger told Officer Boleyn that "Wynn had struck her and that he had a gun in the vehicle." *Id.* at 38-39. Officer Boleyn testified: "At that time, we were in the process of placing all three subjects under arrest, especially due to the intoxication, but we did recover a gun from the vehicle at that time." *Id.* at 39. Specifically, the officer located the gun "on the floor under the seat about halfway back of the seat right in the middle of the truck." *Id.* Wynn was taken into custody for public intoxication.

On October 3, 2003, Wynn was in custody for an offense unrelated to the instant offense. He was questioned by an agent from the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") regarding the circumstances related to the incident on September 10, 2003. After waiving his *Miranda* rights, Wynn provided a statement to law enforcement officials in which he admitted to possessing the handgun that was discovered during his arrest on September 10. Consequently, on November 17, 2003, Wynn was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). His indictment included information that he had three prior convictions for armed robbery, aggravated assault, and robbery—each of which he was imprisoned for a term greater than one year. On March 10, 2004, Wynn filed a motion to suppress evidence, including the gun and his statement. After an oral hearing, the district court ruled from the bench, denying the motion to suppress.

Wynn then entered a plea of guilty for being a felon in possession of a firearm. A Presentence Investigation Report ("PSR") was prepared. The PSR recommended that Wynn receive a sentence enhancement pursuant to 18 U.S.C. § 924(e), which provides that defendants with certain

prior convictions will be classified as "Armed Career Criminals." On August 10, 2004, the district court held a sentencing hearing. Wynn objected to the recommended sentence enhancements, arguing that the defendant's categorization as an Armed Career Criminal required additional fact-finding regarding whether the prior convictions were violent felonies or serious drug offenses and therefore violated *Blakely v. California*, 542 U.S. 296, 124 S.Ct. 2531 (2004). The court overruled Wynn's objections and denied his motion for a downward departure. Wynn was sentenced to two hundred twenty-eight months in prison, followed by three years of supervised release.

Wynn filed this timely appeal challenging the district court's denial of his motion to suppress and challenging his sentence. On appeal Wynn argues (1) that the district court erred in denying his motion to suppress evidence because the officers lacked probable cause to arrest and therefore the evidence obtained from the search and the subsequent confession should be suppressed; and (2) that the district court erred in making the determination, rather than allowing a jury to decide, that his prior convictions constituted "crimes of violence" under the Armed Career Criminal Act.

We agree with the district court's determination that the gun and his subsequent statement should not be suppressed. As for the second issue, we also affirm the district court's determination that a jury was not required to decide whether Wynn's prior convictions were crimes of violence. We reverse Wynn's sentence, however, because the district court sentenced Wynn under the pre-*Booker* mandatory Sentencing Guidelines, which at the time of appeal were no longer mandatory.

## II. ANALYSIS

### A. Motion to Suppress Evidence

This court reviews "the district court's factual findings in a suppression hearing for clear error and the district court's conclusions of law *de novo*." *United States v. Richardson*, 385 F.3d 625, 629 (6th Cir. 2004). This court considers the evidence in the light most favorable to the government when it reviews a denial of a motion to suppress. *United States v. Moncivais*, 401 F.3d 751, 754 (6th Cir. 2005).

We conclude that the district court properly denied Wynn's motion to suppress the gun and his subsequent statement to the ATF agents. Wynn argues that the officers did not have probable cause to believe that he was guilty of public intoxication because he was arrested on private property. Thus, he asserts that the officers search incident to his arrest was unlawful, and the gun and his statement should be suppressed.[1] Wynn raises this argument for the first time on appeal. This court does not consider issues raised for the first time on appeal, *United States v. Sheppard*, 149 F.3d 458, 461 (6th Cir. 1998); *United States v. Burton*, 334 F.3d 514 (6th Cir. 1995); *United States v. Critton*, 43 F.3d 1089 (6th Cir. 1995), unless the obvious result would be miscarriage of justice. *United States v. Yannott*, 42 F.3d 999 (6th Cir. 1994). The court, however, need not address the issue of whether the officers had probable cause to arrest Wynn because the officers had reasonable suspicion to conduct a investigatory and/or a protective search of the truck.

---

[1]Even if the court were to find that the issue was properly raised before the district court, Wynn failed to establish that he had a reasonable expectation of privacy in the vehicle that was searched. *Rakas v. Illinois*, 439 U.S. 128, 143-144 (1978) (holding that a defendant must demonstrate reasonable expectation of privacy in the place searched in order to claim protection of the Fourth Amendment). Wynn's counsel admitted that Wynn was not the registered owner of the vehicle. Wynn does not have a reasonable expectation of privacy in a vehicle he did not own. Thus, Wynn would not have standing to challenge the search of the vehicle.

In order for an investigatory search to be valid, the officer's stop must be based on specific, articulable facts indicating reasonable suspicion that a crime has been committed. *Terry v. Ohio*, 392 U.S. 1 (1968). *See also United States v. Garza*, 10 F.3d 1241, 1245 (6th Cir. 1993) (stating "that an officer can conduct an investigatory detention or 'Terry stop' if they can point to 'specific and articulable' facts which justify reasonable suspicion that a suspect has been or is about to be involved in criminal activity." (citing *United States v. Sokolow*, 490 U.S. 1, 12 (1989)). Under *Terry*, "where a law enforcement officer lacks probable cause, but possesses a reasonable and articulable suspicion that a person has been involved in criminal activity, he may detain the suspect briefly to investigate the suspicious circumstances." *United States v. Bentley*, 29 F.3d 1073, 1075 (6th Cir. 1994) (citing

*United States v. Brignoni-Ponce*, 442 U.S. 873, 881, 95 S.C.t. (1975) (quoting *Terry*, 392 U.S. at 29)).

In the instant case, viewing the facts in a light most favorable to the government, we find that the officers had a reasonable suspicion that Wynn had been or was about to be involved in a shooting or another crime. The officers were justified in asking the occupants to step out of the vehicle while they investigated the shooting. The facts that justified the search include: (1) the Savannah Police Department received a call at 2:00 a.m. indicating that shots were fired at a residence; (2) Officer Boleyn, along with other officers, responding to the call, arrived at the residence where they found three people sitting in a truck in the driveway; (3) as Officer Boleyn approached the car he saw the driver, Wynn, lean over for a few seconds and heard a metallic, clanking sound coming from the truck; and (4) when the occupants rolled down the window the

officers realized that they were highly intoxicated. These facts alone establish the requisite reasonable suspicion to conduct an investigative search of the truck. Further, as the occupants were exiting the truck, the female passenger stated that "Wynn had struck her and that he had a gun in the vehicle." Given the totality of the circumstances, the officers had reasonable suspicion to search the truck.

The officers were also justified in searching the truck to ensure their own safety. In *Michigan v. Long*, 463 U.S. 1032, 1049-1050 (1983) the Supreme Court noted that:

> [t]he search of a passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the officer possesses a reasonable belief based on "specific and articulable facts which taken together with the rational inferences from those facts, reasonably warrant" the officer in believing that the suspect is dangerous and the supect may be able to gain immediate control of weapons.

*See also United States v. Foster*, 376 F.3d 577, 585 (6th Cir. 2004) (stating "the authority to conduct a *Terry* stop is 'narrowly drawn' so as to 'permit a reasonable search for weapons for the protection of the officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime.'") (quoting *Terry*, 392 U.S. at 27)).

In this case, although the occupants were out of the vehicle and in the process of being placed under arrest, the officers were justified in searching the truck for weapons. It is reasonable that one of the occupants could have gained control over the gun during the investigation and used it against an officer. For the officers' safety, they were justified in their search of the truck.

Wynn also argues that the district court erred in denying his motion to suppress the statement he made to the ATF agent while he was in custody on October 3, 2003. Wynn argues that this

statement should have been suppressed based on the "fruit of the poisonous tree doctrine." *Wong v. United States*, 371 U.S. 471 (1963). We need not address this issue since we are holding that the gun was properly seized pursuant to a proper *Terry* search of the vehicle.

We conclude that the district court did not err in denying Wynn's motion to suppress the gun and his subsequent statement to the ATF agents.

## B. Sentencing

Wynn was convicted and sentenced for violating 18 U.S.C. § 922(g), possession of a firearm by a convicted felon. The district court enhanced his sentenced pursuant to 18 U.S.C. § 924(e). Wynn asserts that this court should vacate his sentence because under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004) the district court erred when it determined that his prior convictions were crimes of violence. Wynn argues that the question of whether a prior conviction is a crime of violence should be submitted to a jury.

When reviewing the district court's sentencing determinations, we review the district court's factual findings for clear error, while reviewing the district court's conclusions of law *de novo*. *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005). We have continued to apply this standard of review, although we have also indicated that, "[a]s the Guidelines are now effectively advisory, we review the final sentence ultimately imposed by a district court in light of *Booker* only for reasonableness." *United States v. Harris*, 397 F.3d 404, 409 (6th Cir. 2005) (citations omitted). *See also United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (stating "[W]hen a defendant challenges a district court's sentencing determination, we are instructed to determine whether [the] sentence is unreasonable." (quoting *United States v. Booker*, 125 S.Ct. 738, 766 (2005)).

Title 18 U.S.C. § 924(e) mandates a minimum fifteen year prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies. Section 924(e) provides, in pertinent part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions... for a violent felony... such a person shall be fined under this title and imprisoned for not less than fifteen years...
>     (2) As used in this subsection–...
>     (B) the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year... that–
>     (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>     (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e). The indictment sets forth that Wynn was previously convicted of robbery, armed robbery and aggravated assault. Wynn was imprisoned for over a year for each conviction. The district court found that these convictions constituted "violent felonies" as defined under 18 U.S.C. § 924(e). Wynn contends that his sentence is unconstitutional because the judge determined that his prior convictions constituted violent felonies. Wynn argues that *Blakely*, 542 U.S. 296, mandates that a jury make the determination of whether his prior convictions were violent felonies. Wynn's argument fails in light of recent Supreme Court law and decisions from this Circuit.

The Supreme Court has held that "*other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." *United States v. Hollingsworth*, 414 F.3d 621 (6th Cir. 2005)(emphasis added) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348 (2000)). In *Hollingsworth*, the court found that it was "squarely within the province of the sentencing judge" to use the defendant's prior

convictions for multiple counts of aggravated assault and aggravated robbery as a crime of violence.

*See United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005) (holding that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) does not require the nature or character of prior convictions to be determined by a jury); *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004) (holding that "determinations by a district court that prior felony convictions exist and were committed on different occasions, are so intimately related that the different occasion' requirement of 18 U.S.C. § 924(e) sufficiently comes within the exception in *Apprendi* for a prior conviction).

In *Shepard v. United States*, 125 S.Ct. 1254, 1263 (2005), the Supreme Court reaffirmed a judge's ability to make the legal determination of whether a previous conviction satisfies the violent felony requirement. The Court considered the issue of whether a sentencing court could look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for generic burglary. *Id.* at 1257. The government argued for a broad evidentiary rule that would give the court the power to go beyond conclusive records and engage in fact finding. *Id.* at 1260. Rejecting this argument, the court sought to prevent Sixth Amendment challenges that "any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury, in the absence of any waiver of rights by the defendant." *Id.* at 1262 (citing *Jones v. United States*, 526 U.S. 227, 243, n. 6 (1999)). Following this principle, the Court held that a judge is "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis of the plea was confirmed by the defendant, or to some comparable judicial record of this

information" when considering whether a prior conviction under a guilty plea is a violent felony under the Armed Career Criminal Act. *Id.*

In light of the existing law, the district court did not err when it determined that Wynn's prior convictions were violent felonies.

We, however, are remanding this case for re-sentencing on other grounds. The district court sentenced Wynn under the pre-*Booker* Sentencing Guidelines which were mandatory. Wynn did not challenge his sentence on this ground. Therefore, we review the district court's decision for plain error. *Barnett*, 398 F.3d at 525 (noting that whether a new sentencing hearing is required depends on "ordinary prudential doctrines," such as "whether the issue was raised below and whether it fails the plain error test." (citing *Booker,* 125 U.S. at 769)).

In reviewing for plain error we must determine (1) whether an error occurred in the district court; (2) whether the error was plain (i.e. obvious or clear); (3) whether the error affected defendant's substantial rights; and (4) whether this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Hamm*, 400 F.3d 336, 339 (6th Cir. 2005) (quotations omitted).

The first two requirements are satisfied. There was an error and the error was plain. Wynn was sentenced under the pre-*Booker* mandatory Sentencing Guidelines. The district court sentenced Wynn to two hundred twenty eight months of imprisonment followed by three years of supervised release which fell within the guidelines range. This is no longer the correct procedure because the Sentencing Guidelines are no longer mandatory. *Id.* Further, "[t]he Supreme Court has expressly held that 'where the law at the time of trial was settled and clearly contrary to the law at the time of

appeal... it is enough that an error be plain at the time of appellate consideration." *Id.* at 339 (citing *Johnson v. United States*, 520 U.S. 461, 468 (1997 )). Here, at the time of the sentencing hearing the Guidelines were mandatory and now they are advisory. Thus, it is plain error for Wynn to be sentenced under Guidelines that are no longer mandatory.

Next, the plain error must "affect substantial rights." In *Hamm*, the court held that even if the district court might have opted not to depart from the recommendations of the Sentencing Guidelines, the fact that it did not have the opportunity to do so affected the defendant's substantial rights. 400 F.3d at 340. *See also Barnett*, 398 F.3d at 529 (stating that when a district court sentences a defendant under the presumption that the Guidelines are mandatory we presume that defendant's substantial rights were affected). Here, the district court found that Wynn should be sentenced within the sentencing range of 188 to 235. The district court sentenced Wynn to two hundred twenty eight months imprisonment with three years of supervised release. The district court could have opted to depart downward below the Guidelines, if it had the discretion. *See also*, *United States v. Oliver*, 397 F.3d 369, 381 n.3 (stating "even if we conclude that the evidence is 'overwhelming and essentially uncontroverted' we cannot know the length of imprisonment that the district court judge would have imposed pursuant to this evidence following *Booker*. ... We would be usurping the discretionary power granted to the district courts by *Booker* if we were to assume that the district court would have given Oliver the same sentence post-*Booker*.) This decision obviously affected Wynn's substantial rights.

Finally, it is within our discretion to decide whether the error "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Hamm*, 400 F.3d at 340. We believe that

"[w]e would be usurping the discretionary power granted to the district courts by *Booker* if we were to assume that the district court would have given [the defendant] the same sentence post-*Booker*." *Id.* (citing *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005).

The district court erred in sentencing Wynn under the pre-*Booker* Sentencing Guidelines. Therefore, we vacate Wynn's sentence and are remanding this case for re-sentencing.

## III. CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's denial of Wynn's motion to suppress the gun and his subsequent statement to the ATF agents; and **VACATE** Wynn's sentence and **REMAND** the case to the district court for re-sentencing consistent with this opinion.