**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0967n.06
Filed: December 14, 2005

# United States Court of Appeals
## FOR THE SIXTH CIRCUIT

———————

No. 04-5999

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Tennessee. |
| Brian Lee Rainwater, | * | |
| | * | |
| Defendant - Appellant. | * | |

———————

———————

Before GUY, BATCHELDER, and JOHN R. GIBSON,[1] Circuit Judges.

———————

JOHN R. GIBSON, Circuit Judge.

Brian Rainwater appeals from the judgment of the district court[2] finding that he qualified for sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

———————

[1]The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

[2]The Honorable James D. Todd, Chief United States District Judge for the Western District of Tennessee.

On April 28, 2004, Rainwater pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). His Presentence Investigation Report listed three previous state convictions for aggravated burglary. In his objections to the Report, Rainwater argued that two of the three convictions should be treated as a single conviction for sentencing purposes. He also contended that, under Blakely v. Washington, 542 U.S. 296 (2004), a jury should make the determination of whether he qualified as an armed career criminal. The district court overruled these objections and found that Rainwater's previous convictions constituted three prior "violent felonies" under the Armed Career Criminal Act. The judge consequently sentenced Rainwater to 180 months of custody, the mandatory minimum statutory sentence under the Act. On appeal, Rainwater argues that the Sixth Amendment requires a jury to determine the nature and character of prior convictions for purposes § 924(e). We hold that it does not and affirm Rainwater's sentence.

I.

As an initial matter, we must address the government's argument that we lack jurisdiction to hear this appeal because Rainwater waived his right to appeal in his written plea agreement. If the appellate-review waiver contained in Rainwater's plea agreement prevents him from challenging how his sentencing was conducted, then we may not address his appeal. United States v. McGilvery, 403 F.3d 361, 363 (6th Cir. 2005). We review this question of law de novo. Id. at 362.

In his plea agreement, Rainwater waived his right to appellate review. However, this waiver contained an exception for "1) an upward departure by the sentencing judge, 2) a sentence in excess of the statutory maximum, or 3) a sentence in violation of law apart from the Sentencing Guidelines." At sentencing, the district judge acknowledged the terms of the waiver and advised Rainwater that he would still have the right to appeal the legality of his sentence on Blakely grounds. The court noted, "[I]f I'm wrong [as to whether Blakely applies], then the sentence I just gave the

defendant is illegal. And the plea agreement provides that the defendant can appeal if the court gives an illegal sentence." In addition, when the government's counsel was asked whether he thought Rainwater had waived his right to appeal on <u>Blakely</u> grounds, he stated, "I'm not trying to fashion the defendant's argument, but I think that that would perhaps fall within the language of the plea agreement allowing an appeal but solely on the issue of <u>Blakely</u> if <u>Blakely</u> does apply."

The government argues that this case is comparable to <u>United States v. Fleming</u>, 239 F.3d 761 (6th Cir. 2001), where we held that a district judge's pronouncements and the comments of counsel at sentencing do not control over the language in the plea agreement. However, in <u>Fleming</u> the defendant's plea agreement contained an unqualified waiver of the right to appeal any sentence within the maximum provided in the statutes, as well as a waiver of the right to appeal the manner in which the sentence was determined. <u>Id.</u> at 762. Thus, when the district judge at sentencing read the defendant the boilerplate Rule 32 notification of the right to appeal, the judge was directly contradicting the terms of the plea agreement. <u>Id.</u> at 764. In the instant case, the district judge simply interpreted the exception in Rainwater's plea agreement allowing for appeals based on "a sentence in violation of law apart from the Sentencing Guidelines," to include an appeal on <u>Blakely</u> grounds.

We hold that this exception in the plea agreement preserved Rainwater's right to appeal the issue of whether the district court's findings with respect to his prior convictions violated his Sixth Amendment rights. Rainwater is not challenging a violation of the Guidelines; he is asserting that § 924(e) violates the Sixth Amendment when interpreted to allow judges to determine what qualifies as a "violent felony." The one published appellate opinion addressing whether a plea agreement with an identical exception preserved the defendant's right to appeal on Sixth Amendment grounds the district judge's classification of his prior convictions as "aggravated felonies" under 8 U.S.C. § 1326(a), reached the same conclusion. <u>See United States v. Kempis-Bonola</u>, 287 F.3d 699, 701 (8th Cir. 2002). The Eighth Circuit

characterized the issue on appeal not as a challenge to the Sentencing Guidelines, but rather whether "the district court imposed a sentence on the basis of a statute that violates his Sixth Amendment rights." Id. As a result, the terms of Rainwater's plea agreement do not deny us jurisdiction to consider his appeal.

II.

Under the Armed Career Criminal Act, 18 U.S.C. § 924(e), a defendant who violates 18 U.S.C. § 922(g) who has three or more prior convictions for violent felonies or serious drug offenses, committed on separate occasions, is subject to a mandatory minimum sentence of fifteen years. The statutory definition of "violent felony" includes burglary. 18 U.S.C. § 924(e)(2)(B)(ii) (2000). The Supreme Court held in Taylor v. United States, 495 U.S. 575, 599 (1990), that for purposes of § 924(e), "burglary" refers to any crime that has as its basic elements the unlawful or unprivileged entry into, or remaining in, a building or structure, with the intent to commit a crime.

The district court concluded that Rainwater's prior state convictions for three aggravated burglaries, which were all based on guilty pleas, qualified him for sentencing under § 924(e). Rainwater argues that a jury should have decided whether or not the state convictions for aggravated burglary constituted "violent felonies." He contends that the judge's determination of the nature of his prior convictions by the preponderance of the evidence standard violated the Sixth Amendment principles established in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).

Rainwater's argument is foreclosed by our recent decision in United States v. Barnett, 398 F.3d 516, 524-25 (6th Cir.), cert. dismissed 126 S. Ct. 33 (2005), where we held that neither Booker v. United States, 125 S. Ct. 738 (2005), nor Apprendi require the nature of a defendant's prior felony offenses to be proved to a jury for

-4-

purposes of sentencing under the Armed Career Criminal Act. We stated, "There is no language in <u>Booker</u> suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to <u>Apprendi</u> allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury." <u>Barnett</u>, 398 F.3d at 525. The Supreme Court's decision in <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005), does not alter this result. <u>See, e.g.,</u> <u>United States v. Hill</u>, No. 04-6139, 2005 WL 2347851, at *2 (6th Cir. Sept. 26, 2005)(unreported decision); <u>United States v. Wynn</u>, No. 04-5996, 2005 WL 2173786, at *5-6 (6th Cir. Sept. 7, 2005)(unreported decision). After <u>Shepard</u>, other circuits have also continued to hold that a jury finding is not required for the determination of the nature and character of prior convictions for purposes of § 924(e). <u>See, e.g.,</u> <u>United States v. Ivery</u>, 427 F.3d 69, 74-75 (1st Cir. 2005); <u>United States v. Thompson</u>, 421 F.3d 278, 283-84 (4th Cir. 2005); <u>United States v. Wilson</u>, 406 F.3d 1074, 1075 (8th Cir.), <u>cert. denied</u>, 126 S. Ct. 292 (2005); <u>United States v. Moore</u>, 401 F.3d 1220, 1225 (10th Cir. 2005). These cases emphasize that determining whether the statutory definition of a prior offense meets the § 924(e)(2)(B) standard for a violent felony is a question of law, not fact, and as a result the Sixth Amendment does not require a jury finding on the issue.

In light of this existing law, the district court did not err in determining that Rainwater's prior convictions for aggravated burglary under Tennessee law were violent felonies for purposes of § 924(e). Accordingly, Rainwater's sentence was mandated by statute, and we affirm.

_____