*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0144p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOHN MAHON,

*Defendant-Appellant.*

No. 04-4317

>

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 02-00500—Dan A. Polster, District Judge.

Argued: February 3, 2006

Decided and Filed: April 21, 2006

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Jacqueline A. Johnson, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for Appellant. Joseph P. Schmitz, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:** Jacqueline A. Johnson, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for Appellant. Joseph P. Schmitz, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

GILMAN, J., delivered the opinion of the court, in which MARTIN, J., joined. MERRITT, J. (p. 7), delivered a separate concurring opinion.

_____

## OPINION

_____

RONALD LEE GILMAN, Circuit Judge. John Mahon pled guilty to a two-count indictment that charged him with being a felon in possession of a firearm and with making a false statement in attempting to reacquire that firearm. He was sentenced under the then-mandatory United States Sentencing Guidelines to 210 months of imprisonment, but was given an alternate sentence of 180 months in the event that the Guidelines were later determined to be unconstitutional. On appeal, Mahon contends that the enhancement of both sentences pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), violated his Sixth Amendment rights under *United States v. Booker*, 125 S. Ct. 738 (2005). Mahon specifically objects to the district court's finding that two of his prior convictions constitute "violent felonies," thereby subjecting him to a mandatory minimum sentence of 15 years under the ACCA. He also argues that the application of the ACCA in this case is

fundamentally unfair. For the reasons set forth below, we **AFFIRM** the district court's application of the ACCA, but **VACATE** Mahon's sentence and **REMAND** the case for imposition of the 180-month alternate sentence.

## I. BACKGROUND

On December 11, 2002, Mahon was indicted by a federal grand jury on charges of being a felon in possession of a firearm and for making a false statement in an attempt to reacquire that firearm. The charges arose after Mahon sold his Winchester 12-gauge shotgun to a pawn shop. When he attempted to retrieve the firearm from the pawn shop, Mahon was required to complete a disclosure form promulgated by the Bureau of Alcohol, Tobacco, and Firearms (ATF). He falsely denied having been convicted of several felonies in Ohio in the 1980s, including burglary and attempted burglary. Mahon was unable to retrieve his shotgun because he failed the background check, and his former possession of the firearm and his false statement on the ATF form served as the basis for the indictment.

Following the return of the two-count indictment, the government notified Mahon of its intent to seek an enhanced sentence under the ACCA. The ACCA imposes a minimum sentence of 15 years on any convicted felon found guilty of possessing a firearm who also has three previous convictions for "a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). According to the government, Mahon had committed four prior violent felonies in Ohio for (1) attempted burglary in 1982, (2) possession of criminal tools in 1983, (3) breaking and entering in 1983, and (4) breaking and entering in 1985. Mahon has also been convicted of more recent state crimes, including driving under the influence, vandalism, and domestic-violence charges, but the government does not contend that these subsequent crimes constitute "violent felonies" under the ACCA. The Probation Office, in its Presentence Report, also concluded that Mahon was subject to the ACCA and its parallel Sentencing Guidelines §4B1.4, which resulted in a sentencing range under the Guidelines of 210 to 262 months.

Mahon pled guilty to both counts of the indictment, but objected at sentencing to the ACCA enhancement. He conceded that his convictions for attempted burglary and the possession of criminal tools were properly categorized as "violent" under the ACCA, but argued that neither of the two convictions for breaking and entering met the requirements for classification as violent felonies under *Taylor v. United States*, 495 U.S. 575, 598 (1990) (holding that a "burglary" under the ACCA must contain the elements of unlawfully entering a building or structure with the intent to commit a crime therein). The district court disagreed with Mahon's argument. Based on the language in the indictments for the two disputed felonies, it found that both were considered violent felonies under the ACCA. The district court therefore ruled that Mahon had previously been convicted of four violent felonies, which caused him to be classified as an armed career criminal.

On September 27, 2004, before the Supreme Court's decision in *Booker*, Mahon was sentenced to 210 months of imprisonment under the Guidelines. Because the validity of the Guidelines was then in doubt due to the Supreme Court's earlier decision in *Blakely v. Washington*, 542 U.S. 296 (2004), the district court imposed an alternate sentence 180 months—the ACCA mandatory minimum—in the event that the Supreme Court later determined that the Guidelines were not binding. The district court noted its "problem with mandatory minimums" and also proclaimed Mahon's sentence of 210 months to be "unduly harsh," but found that it must obey its oath to uphold the law.

Mahon timely appealed his sentence. His primary argument is that the district court committed plain error under *Booker* when it engaged in factfinding to enhance his sentence to the 15-year mandatory minimum required by the ACCA. The unconstitutional factfinding, according

to Mahon, was the determination that two of his prior convictions were of a violent nature. Mahon also argues that the court should reconsider its decision in *United States v. Bentley*, 29 F.3d 1073 (6th Cir. 1994) (holding that subsection (A) of Ohio's burglary statute fits the generic definition of burglary as set forth in *Taylor*), due to the inherent unfairness of the ACCA's mandatory minimum sentence. Finally, Mahon asks that his case be remanded to the district court for imposition of the alternate sentence in the event we hold that application of the ACCA did not constitute plain error.

## II. ANALYSIS

### A.     Standard of review

Mahon's challenge to his sentence—that the district court violated his Sixth Amendment right to a trial by jury when it determined that two of his prior felony convictions were "violent"—was not raised below. We therefore apply the "plain error" standard of review. The plain-error inquiry is a four-step process under Rule 52(b) of the Federal Rules of Criminal Procedure:

> First, we are to consider whether an error occurred in the district court. Absent any error, our inquiry is at an end. However, if an error occurred, we then consider if the error was plain. If it is, then we proceed to inquire whether the plain error affects substantial rights. Finally, even if all three factors exist, we must then consider whether to exercise our discretionary power under Rule 52(b), or in other words, we must decide whether the plain error affecting substantial rights seriously affected the fairness, integrity or public reputation of judicial proceedings.

*United States v. Thomas*, 11 F.3d 620, 630 (6th Cir. 1993) (interpreting the Supreme Court's decision in *United States v. Olano*, 507 U.S. 725 (1993)); *see also United States v. Jones*, 108 F.3d 668, 670 (6th Cir. 1997) (en banc) (following *Thomas*'s division of the plain-error inquiry into "four distinct, though interrelated, analyses").

### B.     Classification of Mahon's prior felonies as violent

For the first part of the plain-error analysis, we must determine if a Sixth Amendment violation occurred when the district court determined that two of Mahon's prior convictions constituted "violent felonies." Because Mahon and the government agreed that his other two convictions for attempted burglary and the possession of criminal tools were "violent" for ACCA purposes, the district court had to find that only one of his breaking and entering convictions was violent for the ACCA to apply. *See* 18 U.S.C. § 924(e). The district court held that both of the burglaries in question were violent, and therefore sentenced Mahon pursuant to the ACCA.

A crime is classified as a violent felony by the ACCA if it is punishable by imprisonment for more than one year and it

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is *burglary*, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The Supreme Court has held that a "burglary" under the ACCA should be limited to its generic meaning as defined by the term's modern usage in the criminal codes of most states. *Taylor v. United States*, 495 U.S. 575, 598 (1990). "Although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the

following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* This generic definition of burglary prevents arbitrary discrepancies in sentences that would occur if a burglary under the ACCA were solely defined according to state law. The ACCA would be imposed with greater frequency, for example, in states that have a more expansive definition of the term, such as covering the breaking into cars and boats in addition to buildings. *See id.* at 590-91 (discussing why a generic definition of burglary should be used in applying the ACCA).

*Taylor* also held that 18 U.S.C. § 924(e) requires the sentencing court to employ a formal, categorical approach when determining whether a defendant's prior conviction was for a generic burglary. *Id.* at 600. The sentencing court must "look only to the fact of conviction and the statutory definition of the prior offense" and not undertake a detailed analysis of the defendant's particular conduct. *Id.* at 602. *See also United States v. Kaplansky*, 42 F.3d 320, 322 (6th Cir. 1994) (en banc) (focusing on "the statutory definition of the crime charged, rather than the actual facts of the individual's prior conviction"). This categorical approach avoids the "practical difficulties and potential unfairness" that would arise if the facts of each prior conviction were examined to determine whether it was for a generic burglary. *Id.* (citing *Taylor*, 495 U.S. at 601).

Following the categorical approach, this court has separated Ohio's breaking and entering statute into the subpart that charges generic burglary as defined in *Taylor*—the unlawful entry into a building with the intent to commit a crime therein—and the subpart that does not conform to this generic definition. In *United States v. Bentley*, 29 F.3d 1073 (6th Cir. 1994), this court considered the same statute under which Mahon had been previously convicted in 1983 and 1985—Ohio Revised Code § 2911.13, subsections (A) and (B). These subsections provide as follows:

> (A) No person [,] by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense . . . or any felony.

> (B) No person shall trespass on the land or premises of another, with purpose to commit a felony.

*See Bentley*, 29 F.3d at 1077. The *Bentley* court held that subsection (A) of the statute covers a generic burglary as defined by *Taylor* because "it is obvious that one cannot break and enter in violation of § 2911.13(A) without unlawfully entering or remaining in a building or structure." *Id.* Because "it is equally clear from the statute's face that one can [violate subsection (B)] without unlawfully entering or remaining in a building or structure," the court further held that defendants convicted under § 2911.13(B) have not committed a generic burglary under the ACCA and *Taylor*. *Id.*

In the present case, the court records do not directly establish whether Mahon was convicted under subsection (A) or (B) of § 2911.13 for the two felonies in question. The district court therefore examined the indictments for both breaking-and-entering convictions. In each case, the indictments charged Mahon with violating § 2911.13, and stated that he "unlawfully and purposely and by force, stealth or deception, trespassed in an unoccupied structure." The district court found that the language in the indictments, to which Mahon pled guilty, matched the language of Ohio Revised Code § 2911.13(A). It thus classified both of the disputed prior felonies as generic burglaries under *Bentley*. Because Mahon had already conceded that his other two prior felony convictions were for violent felonies, the district court held that he was subject to being sentenced under the ACCA.

On appeal, Mahon argues that the district court engaged in unconstitutional factfinding as prohibited by *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 539 U.S. 466 (2000), when it held that Mahon's convictions for breaking and entering constituted violent

felonies.  In *Booker*, however, the Supreme Court reaffirmed its holding in *Apprendi* that "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to the jury beyond a reasonable doubt."  125 S.Ct. at 756 (emphasis added).  Mahon responds with the contention that determining the violent *nature* of his prior convictions is different than simply finding the fact that they exist.  He also argues that because his two prior convictions for breaking and entering do not match the specific "burglary" language in the ACCA, any findings of fact required to categorize his prior convictions as violent felonies violates his Sixth Amendment rights under *Booker*.

Contrary to Mahon's contentions, however, this court has held in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), that district courts may determine both the fact *and the nature* of a defendant's prior convictions without violating *Booker*.  *Id.* at 524-25 (finding no error in the district court's application of the ACCA)  But, after *Barnett* was decided, the Supreme Court issued its opinion in *United States v. Shepard*, 125 S. Ct. 1254 (2005), which more specifically addresses the intersection between the ACCA sentencing enhancements and *Booker*.  Both sides cite *Shepard* to support their arguments, requiring us to consider *Shepard*'s application to this case.

In *Shepard*, the defendant's prior conviction was charged under a Massachusetts statute that was broader in scope than the generic burglary standard enunciated in *Taylor*, 495 U.S. at 598.  The Massachusetts burglary statute includes boats and motor vehicles, in addition to buildings or structures, as places upon which a person may not trespass.  *Shepard*, 125 S. Ct. at 1258-60.  Because the statutory definition went beyond what *Taylor* characterized as a generic burglary, the district court declined to classify Shepard's prior conviction as a violent felony under the ACCA.  *Id.* at 1258.  The First Circuit reversed, holding that sentencing courts may look to police reports to determine whether there was "sufficiently reliable evidence that the government and the defendant shared the belief that the defendant was pleading guilty to a generally violent crime."  *Id.* (citation omitted).  In other words, the First Circuit ruled that if police reports clearly show that a defendant's unlawful conduct occurred in a building and not in a motor vehicle, the prior conviction could be deemed a generic burglary as defined by *Taylor*.

The Supreme Court reversed, holding that a court "determining the character of an admitted burglary is limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  *Id.* at 1257.  This limitation preserves the categorical approach of *Taylor* and ensures that a defendant was "necessarily" convicted of a generic burglary.  *Id.* at 1262.  It also restricts the trial court from engaging in factfinding about the particulars of a defendant's conduct that are "too much like the findings" deemed impermissible under *Apprendi* and its progeny.  *Id.*

In the present case, the district court relied only upon the indictments for Mahon's prior convictions in determining that Mahon was charged with generic burglaries.  The language of the indictments clearly matched Ohio Revised Code § 2911.13(A), which was classified as a generic burglary statute by this court in *Bentley*, 29 F.3d at 1077.  Mahon therefore necessarily committed the generic offense of burglary, and the district court did not need to engage in further factfinding concerning the two convictions.  Because the district court complied with the rule enunciated in *Shepard* by examining only charging documents, its determination of the nature of Mahon's breaking and entering convictions did not violate his Sixth Amendment rights.

Unpublished opinions in this circuit confirm that, so long as *Shepard* is complied with, the issue of whether to classify a prior conviction as violent for ACCA purposes need not be submitted to a jury.  *See*, *e.g.*, *United States v. Rainwater*, No. 04-5999, 2005 WL 3429433, at *2 (6th Cir. Dec. 14, 2005) (upholding the district court's determination that a defendant's prior aggravated burglary convictions constituted violent felonies under ACCA); *United States v. Wynn*, 148 F. App'x 471,

478 (6th Cir. 2005) (unpublished) (applying *Shepard's* holding that judges may look to the terms of an indictment to classify a prior felony as violent). Because we conclude that the district court did not commit an error in this case, analysis under the remaining prongs of the plain-error test is unnecessary.

Mahon's final argument is that application of the ACCA to his case is inherently unfair because his prior felonies were all committed over 20 years ago, and the ACCA was triggered by his possession of a shotgun intended to be used only for hunting. In support of his argument, Mahon notes the district court's statement that it was uncomfortable sentencing Mahon to the 15-year mandatory minimum under the ACCA. Like the district court, however, we are bound in this case by Congress's mandate. Although Mahon asks us to reconsider the holding in *Bentley*, 29 F.3d at 1077, which ruled that Ohio Revised Code § 2911.13(A) is a generic burglary statute, the Supreme Court in *Shepard* reaffirmed the categorical approach of *Bentley*.

## C.     The alternate sentence

Finally, both the government and Mahon agree that this case should be remanded to the district court for imposition of the 180-month alternate sentence in light of the court's belief that it was "bound by the guidelines" when it imposed the 210-month sentence. The district court made clear that it would have imposed the lower mandatory minimum sentence under the ACCA if the Guidelines had been merely advisory, so a remand to impose the alternate sentence is appropriate. *See United States v. Oliver*, 397 F.3d 369, 381 n.3 (6th Cir. 2005) (holding that the case must be remanded to the district court for resentencing where the district court considered the Guidelines mandatory).

## III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the district court's application of the ACCA, but **VACATE** Mahon's sentence and **REMAND** the case for imposition of the 180-month alternate sentence.

---

**CONCURRENCE**

---

MERRITT, Circuit Judge, concurring. The penalogical reasons Mahon should be incarcerated for 15 years in this false statement firearms case are not apparent from the record, and I suspect that what we are sanctioning here is a gross injustice. The prior convictions in question are more than 20 years old. The nature of the crime involving a pawned shotgun is grossly disproportionate to the sentence. The District Judge thought so, and I expect that almost all judges would agree. Once again, this is what happens when Congress vests the sentencing power in one interested party to the litigation — the prosecutor — by making a long mandatory sentence depend not on an objective evaluation of the crime by a neutral magistrate but rather the discretionary charging authority of the prosecutor. We do not now have before us the serious due process problem latent in these facts, and so my responsibility as a judge requires me to concur, as I see it. Perhaps it is an issue that defense should consider raising on remand.